■ ELEANOR B. PRUTSMAN, Respondent, v ROBERT H. MANCHESTER, Appellant. — Appeal from a judgment of the Supeme Court, entered April 3, 1980 in Chemung County, which, in Action No. 1, declared Monks Road in Chemung County to be a public highway, and, in Action No. 2 restrained the defendant from obstructing said road. Initially, we note that the plaintiff commenced two separate actions in the same court against different defendants. In Action No. 1, the plaintiff sued the Town of Southport seeking a declaratory judgment that Monks Road was a public highway. In Action No. 2, the same plaintiff sought injunctive relief restraining the named defendant from interfering with plaintiff's use of Monks Road and a directive that all obstructions be removed therefrom. Although the actions involved common questions of law and fact, no motion was made by any party, nor did the court act *sua sponte*, to consolidate the actions (CPLR 602, subd [a]). From the record and the entitlement of the judgment it appears that the actions were tried jointly. Yet, only one judgment was entered and no appeal was taken therefrom by the Town of Southport, the defendant in Action No. 1. Since joint trials must terminate in separate judgments, it is clear that procedural irregularity was indulged below. However, the CPLR is to be liberally construed to the end that speedy and just determinations might be reached (CPLR 104). More specifically, CPLR 2001 states that "At any stage of an action, the court may permit a mistake * * * or irregularity to be corrected * * * or, if a substantial right of a party is not prejudiced, the mistake * * * or irregularity shall be disregarded". Here, the irregularity below did no prejudice to any party and since it does not affect jurisdiction, we, *sua sponte*, shall treat the case as if the actions were consolidated and entertain the appeal of the defendant in Action No. 2. (Siegel, New York Practice, § 6.) In turning our attention to the facts, we note that the Town Attorney for the Town of Southport testified that the town had not abandoned Monks Road. It is well settled that once a public road is shown to exist, as here, it is presumed to continue until shown to exist no longer *(Beckwith v Whalen,* 65 NY 322, 332-333). It is equally well settled that the burden of proving an abandonment of a public highway is upon the party who claims such to have taken place *(Horey v Village of Haverstraw,* 124 NY 273, 276). Here, defendant offered no proof sustaining his burden of showing that the town had not worked the road for a period of six years so as to invoke the provisions of section 205 of the Highway Law. While the proof in the record with respect to plaintiff's use of Monks Road in reaching her land for recreational purposes is minimal, it, nevertheless, continued over a great number of years. Accordingly, given the public nature of Monks Road, the defendant in Action No. 2 has no right to interfere with plaintiff's access to her land or to place any obstructions along the roadway to deter that use. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Main, Mikoll and Casey, JJ., concur.