■ In the Matter of SHAWANGUNK HOLDINGS, LTD., Appellant, v SUPERINTENDENT OF HIGHWAYS OF THE TOWN OF SHAWANGUNK et al., Respondents. — Appeals (1) from an order of the Supreme Court at Special Term (Klein, J.), entered August 3, 1983 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion for an order resettling a previous order and directed a trial of factual issues purportedly raised, and (2) from the resettled order of said court, entered August 3, 1983 in Ulster County. ¶ Petitioner, a New York corporation, purchased from the Young Women's

Christian Association by deed dated July 29, 1981 a tract of land in the Town of Shawangunk, Ulster County, which is traversed by Quannacut Road. The association had owned this land since 1923. ¶ By letter dated November 18, 1981, Peter Bienstock, an officer of petitioner corporation, informed the then Superintendent of Highways of the Town of Shawangunk that Quannacut Road was a town road and that he and some of his predecessors had failed to maintain certain sections of the road in a safe and proper manner for public use, in violation of section 140 of the Highway Law. Bienstock demanded that the Superintendent perform his duties with respect to the section of Quannacut Road traversing petitioner's property. ¶ On November 19, 1981, the Superintendent, with the consent of a majority of the Town Board of the Town of Shawangunk (board), issued and filed a certificate of abandonment for a portion of Quannacut Road north of the bridge over the Murray Pond outlet. Thereafter, on December 3, 1981, the Superintendent, with the consent of a majority of the board, issued and filed a revised certificate of abandonment encompassing all of Quannacut Road beginning at the southern boundary of petitioner's land and extending northward. ¶ Petitioner, in February of 1982, commenced this CPLR article 78 proceeding seeking to annul both certificates of abandonment and to require the town to keep in repair and free from obstruction both the section of Quannacut Road which traverses petitioner's property and the bridge over the Murray Pond outlet. Petitioner asserted (1) that the requirements for a lawful abandonment pursuant to subdivision 1 of section 205 of the Highway Law had not been met since the public had traveled on Quannacut Road during the six years preceding the issuance of certificates of abandonment; (2) that the bridge over the Murray Pond outlet is treated in subdivision 4 of section 2 and subdivision 2 of section 230 of the Highway Law as an entity separate from highways, that the town is responsible for its maintenance pursuant to subdivisions 5 and 6 of section 231 and section 140 of the Highway Law, respectively, and that the procedures provided in subdivisions 11 and 12 of section 231 of the Highway Law for abandonment of bridges were not followed; and (3) that Quannacut Road provides the only practical means of access to portions of State forest preserve lands held under the jurisdiction of the Department of Environmental Conservation such that section 205-b of the Highway Law prohibits the abandonment of Quannacut Road. ¶ Respondents' answer alleged (1) that the public had been denied usage of the section of Quannacut Road that traverses petitioner's property in excess of 20 years such that it was abandoned; (2) that section 230 of the Highway Law is inapplicable because the subject bridge is not situated on the State highway system; (3) that section 231 of the Highway Law is inapplicable because that section of Quannacut Road on which the bridge is situated had never been dedicated to public usage, or alternatively, used as a highway by the public in excess of six years; and (4) that section 205-b of the Highway Law is inapplicable because the Oregon Trail, another town road, provides practical access to the adjacent forest preserve lands. ¶ By order dated March 3, 1983, Special Term ordered that the question of whether Quannacut Road had in fact been abandoned pursuant to section 205 of the Highway Law be determined at trial. This order contained additional decretal paragraphs providing that it was respondents' burden to prove (1) that Quannacut Road had been abandoned and is no longer a town road; (2) that all use of the entire length of Quannacut Road had ceased; and (3) that the bridge over the Murray Pond outlet was abandoned in accordance with sections 230 and 231 of the Highway Law. The order also recited that proof of respondents' failure to service Quannacut Road would not be admissible to prove abandonment or nonuse. ¶ Respondents moved to resettle the March 3, 1983 order on the ground that it did not correctly state the issues set forth by the court in its decision. Special

Term granted respondents' motion on the ground that the decretal paragraphs made conclusions which were overly broad and unnecessary for transferral to the Trial Calendar. An order was entered August 3, 1983 granting respondents' motion to resettle and, further, ordering that the March 3, 1983 order be vacated and the question of whether Quannacut Road had been abandoned be tried forthwith. Petitioner has appealed from both the order granting respondents' motion for resettlement and the resettled order. ¶ Initially, the orders appealed from are not appealable as of right (CPLR 5701, subd [b]) and the record contains no evidence of permission to appeal (CPLR 5701, subd [c]) having been granted. In the interest of judicial economy, we now grant such permission *sua sponte.* ¶ While we agree with Special Term that the pleadings and numerous affidavits raise issues of fact which, facially, would appear to require trial resolution before the court could review the propriety of respondents' issuance and filing of certificates of abandonment, and, further, agree that Special Term properly resettled its prior order, we nevertheless conclude that respondents should be estopped from denying that Quannacut Road is a town road. ¶ It is clear that Quannacut Road has historically been a town highway. Once a road becomes a highway, it remains such until the contrary is shown (*Matter of Flacke v Strack,* 98 AD2d 881). Further, respondents have the burden of showing abandonment (*Prutsman v Manchester,* 79 AD2d 1078), a burden that respondents herein have failed to meet. The record establishes that, at least since 1963 and through 1981, the board adopted resolutions, certified by the Superintendent of Highways of the town, attesting to the New York State Department of Transportation that Quannacut Road, among other roads and highways, was a town road which qualified for aid for maintenance. Certainly, such certification as recently as 1981 precludes any offer of proof by respondents of nonuse for the requisite period of six years prior to the filing by respondents of the revised certificates of abandonment on December 3, 1981. Respondents should be bound by the documents they certified (cf. *Central Buffalo Project Corp. v City of Buffalo,* 74 AD2d 336, 339-340, affd 52 NY2d 986). ¶ Orders reversed, on the law and the facts, with costs, and petition granted by annulling the certificates of abandonment of Quannacut Road filed by respondents on November 19, 1981 and December 3, 1981 and directing respondents to maintain Quannacut Road and the bridge over the Murray Pond outlet on said road. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.