■ WILLARD T. DAETSCH et al., Respondents-Appellants, v MARGE TABER, Appellant-Respondent, et al., Defendant.—Mercure, J. Cross appeals from an amended judgment of the Supreme Court (Ellison, J.) in favor of plaintiffs, entered March 21, 1988 in Tompkins County, upon a decision of the court, without a jury.

Plaintiffs Willard T. Daetsch and Dorothy A. Daetsch and plaintiffs Alec E. Wright and Eileen B. Wright are the respective owners of adjoining parcels of land located on the west side of Danby State Road in defendant Town of Danby, Tompkins County. The boundary line separating the parcels runs in a generally east-west direction along Old Town Road. Defendant Marge Taber is the owner of a parcel of land located to the west of the Daetsch parcel and claims a right of access to her land over Old Town Road. Although conceding that a portion of the road, approximately 325 feet extending west from Danby State Road, is a public highway, plaintiffs assert that the balance has been abandoned pursuant to Highway

Law § 205 (1).* Plaintiffs commenced this action seeking to enjoin defendants or persons under their control from entering upon their properties for the purpose of using, widening, grading or otherwise altering Old Town Road. After a nonjury trial, Supreme Court rendered judgment in favor of plaintiffs, determining that the subject portion of Old Town Road had not been used or traveled by the public for a period exceeding six years and had, accordingly, been abandoned. Nonetheless, Supreme Court also determined that Taber possessed a 20-foot-wide private easement along Old Town Road. Taber appeals and plaintiffs cross-appeal.

Turning first to Taber's appeal, we reject the contentions that the town did not intend to abandon Old Town Road and that plaintiffs failed to satisfactorily establish nonuse of the road for the requisite period. In the case of abandonment through nonuse, the municipality's intention is irrelevant. In fact, a town superintendent's certification of abandonment (Highway Law § 205 [1]) is viewed as a ministerial act and, thus, "if the substantive facts constituting an abandonment [are] met, the road would 'cease to be a highway' * * * by operation of law, not by the Superintendent's certification" (Cranson v Town of Homer, 132 Misc 2d 824, 828).

Additionally, although the burden of establishing abandonment is on plaintiffs (see, Matter of Shawangunk Holdings v Superintendent of Highways of Town of Shawangunk, 101 AD2d 905, 907), Supreme Court's decision will not be disturbed unless its conclusion could not be reached under any fair interpretation of the evidence (McCall v Town of Middlebury, 52 AD2d 736). Plaintiffs met their burden by calling a series of witnesses who testified to the nonuse of the disputed portion of Old Town Road for in excess of six years. Although Taber did present sharply contradictory evidence, "when, as here, the truth hinges upon the credibility of the witnesses, the trial court's observation advantage is to be given deference and its determination should be given great weight" (supra, at 736; see, Amend v Hurley, 293 NY 587, 594). Nor has any persuasive authority been advanced to support the novel proposition that a finding of abandonment may not be made

---

* Highway Law § 205 (1) provides in relevant part: "every highway that shall not have been traveled or used as a highway for six years, shall cease to be a highway, and every public right of way that shall not have been used for said period shall be deemed abandoned as a right-of-way. The town superintendent * * * shall file, and cause to be recorded * * * a written description * * * of each highway and public right-of-way so abandoned, and the same shall thereupon be discontinued."

in the absence of proof of complete obstruction of the road or in the face of evidence of occasional, casual use. In *Matter of County of Suffolk (Arved, Inc.)* (63 AD2d 673, 674), the court held under strikingly similar circumstances that "[t]here may have been a use of this dirt path by occasional hunters, people seeking to dump garbage, and Long Island Lighting Company personnel who serviced poles and lines erected along an adjacent right of way, but it was not a use 'as a highway', which presupposes '[t]ravel * * * in forms reasonably normal' " (quoting *Town of Leray v New York Cent. R. R. Co.,* 226 NY 109, 113).

Turning to the cross appeal, we agree with plaintiffs' contention that Supreme Court erred in its determination that Taber possessed a private implied easement along Old Town Road. It is well settled that an easement by implication or necessity in favor of an adjoining landowner over the land of another following abandonment of a highway cannot arise unless there is a showing of a common grantor *(Kent v Dutton,* 122 AD2d 558; *Matter of County of Suffolk [Arved, Inc.],* 63 AD2d 673, 674, *supra; see generally,* 49 NY Jur 2d, Easements, §§ 67-68, 95, at 162-165, 199-200). The record fails to establish a common grantor and, contrary to Taber's assertion, proof of common ownership may not be presumed *(see, Kent v Dutton, supra,* at 559). Finally, the contention that Taber obtained a prescriptive easement, raised for the first time in Taber's reply brief, lacks merit *(cf., Miller v Bettucci,* 89 AD2d 706).

Amended judgment modified, on the law, with costs to plaintiffs, by reversing so much thereof as adjudged that defendant Marge Taber possessed an implied private easement over plaintiffs' land, and, as so modified, affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.