■ In the Matter of JUSTIN M. FAIGLE et al., Appellants, v ROBERT MACUMBER, as Sanford Town Highway Department Superintendent, et al., Respondents.—Levine, J. Appeal from a judgment of the Supreme Court (Harlem, J.), entered October 5, 1989 in Broome County, which partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to compel respondents to maintain a certain road located in the Town of Sanford.

Petitioners are owners of real property located on Gill Road

in the Town of Sanford, Broome County. In February 1989, petitioners brought this CPLR article 78 proceeding seeking a judgment directing respondents to repair and maintain Gill Road as a town highway in such condition as to be passable for ordinary vehicles. It is alleged in the petition that Gill Road is a town road running westerly from State Route 41 to Rector Road and that respondents' failure to maintain the road has impaired and will impair certain petitioners' attempts to sell subdivision lots and other petitioners' plans for future subdivision. In their answer, respondents generally denied the allegations in the petition and asserted as an affirmative defense that the "upper" portion of Gill Road has been abandoned pursuant to Highway Law § 205 (1).

Following a hearing, Supreme Court granted the petition with respect to that portion of Gill Road running from "Route 41 to the old Gill homestead" (hereinafter the lower portion) and dismissed the petition with respect to that portion of Gill Road running from "the old Gill homestead to Rector Road" (hereinafter the upper portion). This appeal by petitioners ensued.

There should be an affirmance. Highway Law § 205 (1) provides in relevant part that "every highway that shall not have been traveled or used as a highway for six years, shall cease to be a highway". The burden of establishing abandonment of a highway is on the party claiming that an abandonment has taken place (see, Matter of Shawangunk Holdings v Superintendent of Highways of Town of Shawangunk, 101 AD2d 905, 907, appeal dismissed 63 NY2d 773; Matter of Flacke v Strack, 98 AD2d 881, 882), and Supreme Court's decision on the issue will not be disturbed unless it is not supported by a fair interpretation of the evidence (see, Daetsch v Taber, 149 AD2d 864, 865; McCall v Town of Middlebury, 52 AD2d 736). In this case, it is undisputed that the upper portion of Gill Road is difficult to travel and barely passable after a heavy rain or snowfall, except on foot or in a four-wheel drive vehicle. The hearing testimony of various witnesses established that virtually the only use of the upper portion for more than the past six years has been by hunters or those cutting logs or removing stone and that the only traffic has consisted of an occasional truck or four-wheel drive vehicle. One petitioner testified that he sought to have the upper portion closed in 1971 and that he placed a log across it to restrict access by snowmobilers. The videotape of Gill Road introduced into evidence by petitioners illustrates that the upper portion is filled with large ruts and covered with brush

and extensive overgrowth such that it is, at points, virtually indistinguishable from the surrounding wooded area. Respondent Town Highway Superintendent testified that the upper portion has been in its present condition since at least August 1971. He further stated that it is possible. that the upper portion was once a town road, but that the town receives no State or Federal aid for its maintenance.

In our view, the foregoing evidence amply supports Supreme Court's conclusion that, while the upper portion of Gill Road may have been a town highway at one time, it has been abandoned within the meaning of Highway Law § 205 (1). Respondents have sufficiently established that the upper portion has existed in its present condition for more than six years and that its use by the public has been occasional and confined to limited activities. There being no evidence that "[t]ravel [has] proceed[ed], in forms reasonably normal, along the lines of an existing street" *(Town of Leray v New York Cent. R. R. Co.,* 226 NY 109, 113; *see, Matter of County of Suffolk [Arved, Inc.],* 63 AD2d 673, 674), respondents have met their burden of showing that the upper portion of Gill Road has ceased to be used as a highway.

As a final matter, we note that respondents' failure to file a certificate of abandonment does not affect the status of the upper portion as abandoned, since such occurred by operation of law *(see, Daetsch v Taber,* 149 AD2d 864, 865, *supra; Cranson v Town of Homer,* 132 Misc 2d 824, 828).

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.