■ ROBERT N. PLESS et al., Appellants, v TOWN OF ROYAL-
TON et al., Respondents.—Judgment unanimously modified on
the law and as modified affirmed without costs and judgment
granted in accordance with the following Memorandum: Plain-
tiffs own property at the corner of Kayner and Chestnut Ridge
Roads in the Town of Royalton. The Town filed a certificate of
abandonment with respect to the portion of Kayner Road
between Mill and Chestnut Ridge Roads, and plaintiffs com-
menced this action for judgment declaring that the Town's
action is void and that the portion of Kayner Road in issue is
a public highway. After a nonjury trial Supreme Court dis-
missed the complaint, finding that the road at issue had been
abandoned under Highway Law § 205 (1).

The court's decision on the issue of abandonment will not be
disturbed if it is supported by a fair interpretation of the
evidence (see, Matter of Faigle v Macumber, 169 AD2d 914,
915; Daetsch v Taber, 149 AD2d 864, 865; McCall v Town of
Middlebury, 52 AD2d 736).

The burden of establishing abandonment is on defendants,
who claim that an abandonment has taken place (see, Matter
of Faigle v Macumber, supra, at 915; Daetsch v Taber, supra,
at 865). Defendants met their burden of proving that the
contested portion of Kayner Road had not "been traveled or
used as a highway for six years" (Highway Law § 205 [1]). The
trial testimony and exhibits established that the road had
been impassable most of the year and difficult to travel even
in the drier summer months. It is a one-lane dirt road, used
occasionally by four-wheel drive trucks, recreational vehicles,
farmers and hunters. Such occasional, limited use does not
amount to "use 'as a highway', which presupposes '[t]ravel
* * * in forms reasonably normal' " (Matter of County of
Suffolk [Arved, Inc.], 63 AD2d 673, 674, quoting Town of Leray

*v New York Cent. R. R. Co.,* 226 NY 109, 113; *accord, Matter of Faigle v Macumber, supra,* at 916; *Daetsch v Taber, supra,* at 866).

Plaintiffs contend that defendants should be estopped from asserting that Kayner Road was abandoned because the Town certified, during the relevant period, that the road was a Town highway for the purpose of obtaining State highway funds. The doctrine of estoppel, however, generally may not be invoked against a municipality acting in its governmental capacity *(see, Granada Bldgs. v City of Kingston,* 58 NY2d 705, *rearg denied* 58 NY2d 825). Further, the Town's certification of Kayner Road as a Town highway in its application for State aid is not at all inconsistent with its later certification of abandonment for nonuse. Until the road was abandoned pursuant to Highway Law § 205 (1), it remained a Town highway. If we were to accept plaintiffs' position, the Town would effectively be required to project, six years in advance, that State highway aid should not be sought for a particular road. We decline to impose such an unreasonable burden on the Town. To the extent that our decision conflicts with the holding in *Matter of Shawangunk Holdings v Superintendent of Highways of Town of Shawangunk* (101 AD2d 905), we reject the result reached in that case.

Any defects in the certificate of abandonment are of no consequence in this action. The certification of abandonment is a ministerial act. If the facts constituting an abandonment are present, the road is deemed abandoned by operation of law, not by the filing of the certificate *(see, Matter of Faigle v Macumber, supra,* at 916; *Daetsch v Taber, supra,* at 865; *Cranson v Town of Homer,* 132 Misc 2d 824, 828).

The court erred in granting judgment to defendants dismissing the complaint rather than declaring the rights of the parties *(see, St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ.,* 20 NY2d 317, 325; *Baier v Town of Ellery,* 182 AD2d 1033; *Medical World Publ. Co. v Kaufman,* 29 AD2d 859). Thus, we modify the judgment to declare that the portion of Kayner Road between Mill and Chestnut Roads has been abandoned pursuant to Highway Law § 205 (1). (Appeal from Judgment of Supreme Court, Niagara County, Koshian, J.—Declaratory Judgment.) Present—Green, J. P., Lawton, Boehm, Davis and Doerr, JJ.