OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 The issue before us is whether a municipality is estopped from certifying a road as abandoned due to nonuse for six years (Highway Law § 205 [1]) because, during the relevant period, it certified that the road was a highway for purposes of obtaining State highway funds.
 

 It is not disputed that from 1982 through 1987 the Town included the parts of the road at issue in its calculation of
 
 *1049
 
 Town highway miles to the State for highway maintenance funding. On October 20, 1987, the Town issued a certificate of abandonment for this road because it determined that the road had not been traveled or used as a highway during the prior six years. Plaintiffs, owners of property abutting this road, by their appeals have alleged that under these circumstances the Town should be estopped from issuing the certificate of abandonment.
 
 *
 
 The Appellate Division rejected this argument and modified the judgment dismissing the complaint to declare that the road had been abandoned pursuant to Highway Law § 205 (1)
 
 (Pless v Town of Royalton,
 
 185 AD2d 659, 660).
 

 Although plaintiffs claim that the respondents should be estopped from certifying the road as abandoned, they have failed to establish that a declaration of abandonment is contradictory to the certification for State aid, have failed to allege reliance on the Town’s apparently inconsistent positions and have failed to provide any reason why estoppel should be invoked against the Town. "We have held many times that estoppel is not available against a governmental agency in the exercise of its governmental functions”
 
 (Matter of Daleview Nursing Home v Axelrod,
 
 62 NY2d 30, 33 [citations omitted]). The rare exception to this general rule requires an " 'unusual factual situation’ ”
 
 (id.,
 
 at 33, quoting
 
 Matter of Hamptons Hosp. & Med. Ctr. v Moore,
 
 52 NY2d 88, 93, n 1). Such a situation is not presented in the case at bar. Indeed, to apply the doctrine of estoppel in this case would effectively require the municipality to designate those highways it believed would become abandoned in the next six years. Highway Law § 205 (1) does not require municipalities to engage in such speculation.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
 

 Order affirmed, with costs, in a memorandum.
 

 *
 

 At trial and before the Appellate Division, plaintiffs unsuccessfully challenged the determination of nonuse.