■ LEOPOLD F. DE CUYPER et al., Appellants, v JOSE A. GONZALES et al., Respondents. [624 NYS2d 653] —Peters, J. Appeals (1) from an order of the Supreme Court (Ingraham, J.), entered October 23, 1992 in Otsego County, which granted defendants' motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Defendants purchased a parcel of land in 1983 in the Town of Middlefield, Otsego County. Plaintiffs' parcel lies to the north of defendants' parcel. Plaintiffs claim that defendants' purchase was subject to a right of ingress and egress serving plaintiffs' property over a strip of land known as Buel Road.

Though not appearing in defendants' deed, it is uncontested that defendant Jose A. Gonzales was shown a survey map at the time of closing which indicated a possible right-of-way. It is conceded by the parties that the Town has not maintained Buel Road in the recent past. However, no certificate of abandonment has been filed by the Town pursuant to Highway Law § 205 (1).

No later than 1987, defendants chopped trees and blocked the entrance to Buel Road where such road crossed defendants' property. Plaintiffs commenced this action seeking to enjoin defendants from interfering with their alleged right-of-way. Defendants filed an answer denying that such right-of-way existed and included other demands for discovery. Examinations before trial of all parties were conducted. On August 6, 1992, defendants moved for summary judgment. Answering affidavits were required to be served on August 17, 1992, but on August 12, 1992 plaintiffs sought "an adjournment of the motion" alleging an inability to meet the filing deadline. Upon denial of the request by Supreme Court, plaintiffs submitted papers in opposition to such motion and cross-moved for the same relief. Supreme Court granted defendants' motion for summary judgment and dismissed the complaint. Plaintiffs appeal.

Acknowledging that Supreme Court has the discretion to extend time limits upon good cause shown (see, CPLR 2004), we find that the Supreme Court properly denied plaintiffs' request due to the failure to allege a sufficient basis for the extension (see, Henderson v Stilwell, 116 AD2d 861, 862, lv denied 68 NY2d 606).

As to Supreme Court's finding, as a matter of law, that there is no right-of-way over Buel Road, and therefore no public easement thereon due to the abandonment of such road pursuant to Highway Law § 205 (1), we find error. Supporting the motion for summary judgment, defendants submitted an affidavit from the current Superintendent of Highways which solely represented that the road has neither been "worked" within the past six years nor within his memory, and that it is not a part of the Town's highway map. Defendants further submitted an affidavit by Gonzales which indicates that the right-of-way is "grown up and any passage along it other than on foot [is] blocked by pine branches". He affirmed that he has not seen evidence of active use and "certainly no evidence of motor vehicles". Gonzales' deposition testimony further indicated that he never permanently resided in the Town, that the subject property did not contain a residence and that he

only visited the property approximately four or five times per year. He testified that he did not hunt on the property, camped out once and would occasionally go there.

In response thereto, plaintiffs submitted an affidavit dated July 22, 1955 from a Town Supervisor which indicated that Buel Road was a Town road, part of the Town's highway system and has never been abandoned. It further indicates that such road could not be closed since there would be no other ingress or egress to what is now plaintiffs' property. Plaintiffs further submitted a letter from the Town Attorney dated May 4, 1990 which indicated that he had no knowledge of any abandonment proceedings commenced with respect to Buel Road and that the Town Board "does not wish to take any steps in regard to this matter, formal or informal" at this time. Plaintiffs' submission further consisted of an affidavit from his counsel and their attorney expert. Said attorney expert stated that in 1990, he personally inspected the entirety of Buel Road and that "except for the barricade, [it] was completely clear and totally passable to its full extent, by foot, automobile, pick-up truck or even larger trucks".

It is undisputed that no certificate of abandonment was ever filed by the Town as provided for in Highway Law § 205. As we noted in *Matter of Van Aken v Town of Roxbury* (211 AD2d 863, 865), " '[o]nce a road becomes a highway, it remains such until the contrary is shown' " *(supra,* at ‧206, quoting *Matter of Shawangunk Holdings v Superintendent of Highways of Town of Shawangunk,* 101 AD2d 905, 907). Pursuant to Highway Law § 205 (1), a highway will be deemed abandoned if it "shall not have been opened and worked within six years" or if it had not been "traveled or used as a highway for six years". The burden of proving such abandonment rests entirely with the one asserting it *(see, Matter of Van Aken v Town of Roxbury, supra,* at 206).

We find that defendants have failed to sustain their burden of showing that the highway at issue has not been "opened and worked" within the past six years. The affidavit of the current Superintendent of Highways merely claims that the road has not been "worked" within the past six years, and we have held "the law is clear that a highway does not cease to be a highway merely because the Town has failed to service it" *(supra,* at 865; *see, Hewitt v Town of Scipio,* 32 AD2d 734, *affd* 26 NY2d 934). Noting that it is the substantive facts themselves which establish an abandonment *(see, Daetsch v Taber,* 149 AD2d 864, 865), we do not find that defendants' erection of a barrier, coupled with the Superintendent of

Highways' affidavit, to be sufficient to rule, as a matter of law, that there was an abandonment of a public highway sufficient to extinguish the public easement thereon due to its failure to be "opened and worked" within the last six years.

Noting that Supreme Court based its finding on that portion of the statute focusing on the lack of travel or use of such road as a highway, we similarly find that defendants have failed to sustain their burden *(see, Pless v Town of Royalton,* 185 AD2d 659, *affd* 81 NY2d 1047; *Matter of Faigle v Macumber,* 169 AD2d 914, 915; *Daetsch v Taber, supra,* at 865). We do not credit defendants' self-serving testimony as to the actual travel or use of such road in light of their limited visits to the parcel throughout the relevant period.

Were we to find that defendants have set forth a prima facie case, we would nonetheless determine summary judgment to be inappropriate based upon factual issues raised by plaintiffs through the affidavit of the former Town Supervisor and the letter from the Town Attorney. Since all evidence submitted in opposition to such motions is entitled to every favorable inference which can be reasonably drawn therefrom *(see, Landisi v Beacon Community Dev. Agency,* 180 AD2d 1000, 1002), we find that neither party has appropriately sustained their burdens on the motions for summary judgment regarding the status of Buel Road.

As to the remaining issues addressing a right-of-way by implication or necessity and/or a prescriptive easement, we find that both parties have again failed to submit appropriate proof in admissible form to sustain their burdens and, therefore, there exists no discernible basis upon which to grant summary judgment to either side. We recognize in relation to these issues that even if it is shown that there has been an abandonment of the public highway, thus extinguishing a public right-of-way, private rights of abutting landowners would not be similarly extinguished through abandonment *(see,* 64 NY Jur 2d, Highways, Streets and Bridges, § 222, at 569).

Accordingly, we reverse Supreme Court's grant of summary judgment in favor of defendants.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order and judgment are reversed, on the law, with costs, and motion denied.