In the Matter of RANDY WILLS et al., Respondents, v TOWN OF ORLEANS, Appellant. [653 NYS2d 997] —Judgment unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in granting the petition and directing respondent, Town of Orleans (Town), to maintain and acknowledge Ledges Road as a Town road based upon the Town's failure to comply with Highway Law § 205 (1). The record establishes that, on May 12, 1995, the Town of Orleans Town Board adopted a resolution that declared "the Ledges Road as an abandoned road from Jerry Wood house for $5/10$ths of a mile." The Town Highway Superintendent, however, never filed or caused to be recorded in the Town Clerk's Office a written description of the abandoned highway as required by Highway Law § 205 (1). On May 5, 1994, petitioners purchased vacant land abutting a portion of Ledges Road that was purportedly abandoned pursuant to the Town's resolution. In 1995 petitioners constructed a modular home on that land and demanded that the Town maintain Ledges Road in its entirety. The Town refused and

petitioners commenced this CPLR article 78 proceeding seeking to annul the May 12, 1995 resolution and to require the Town to maintain the road.

The filing of a certificate of abandonment as required by Highway Law § 205 (1) is a ministerial act, and any defects in the certificate are of no consequence in determining this proceeding (*see, Pless v Town of Royalton*, 185 AD2d 659, 660, *affd* 81 NY2d 1047). So long as the evidence establishes that a road has not been traveled or used as a highway for six years, it will be deemed abandoned by operation of law and not by the filing of a certificate (*see, Matter of Faigle v Macumber*, 169 AD2d 914, 916; *Daetsch v Taber*, 149 AD2d 864, 865). A road will be deemed abandoned by operation of law if there is no evidence that " '[t]ravel [has] proceed[ed], in forms reasonably normal, along the lines of an existing street' " (*Matter of Faigle v Macumber, supra*, at 916, quoting *Town of Leray v New York Cent. R. R. Co.*, 226 NY 109, 113; *Pless v Town of Royalton, supra; Daetsch v Taber, supra*).

Petitioners asserted that the Town's abandonment procedure did not comply with the requirements of Highway Law § 205 (1) and that the road cannot be deemed abandoned as a matter of law because it is regularly used throughout the year by residents and other members of the public. The Town in its verified answer asserted that it has not maintained the portion of Ledges Road in question for more than 10 years and that the road has not been open for public travel or used by the public for more than 10 years and, thus, it must be deemed abandoned by operation of law (*see,* Highway Law § 205 [1]).

Because a disputed factual issue exists whether the road was traveled or used for six years, a hearing is required (*see generally, Coleman v Village of Head of Harbor*, 163 AD2d 456, 457-458, *lv denied* 76 NY2d 712). Consequently, we reverse the judgment and remit the matter to Supreme Court for a non-jury trial on the issue whether the portion of Ledges Road in question has been abandoned by operation of law pursuant to Highway Law § 205 (1).

We have reviewed the Town's remaining contention and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—CPLR art 78.) Present—Green, J. P., Lawton, Doerr, Balio and Fallon, JJ.