■ In the Matter of KENNETH E. ALDOUS et al., Respondents, v TOWN OF LAKE LUZERNE et al., Appellants. [722 NYS2d 293] —Mugglin, J. Appeal from a judgment of the Supreme Court (Moynihan, Jr., J.), entered May 4, 2000 in Warren County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, compel respondents to maintain a particular road.

This appeal raises the procedural issue of whether this proceeding is barred by any applicable Statute of Limitations and, if not, the substantive issue of whether a 0.3-mile segment of Beartown Road in the Town of Lake Luzerne, Warren County, is a public highway which respondent Town of Lake Luzerne must maintain, or whether it was abandoned. Since the substantive issue need not be addressed if the proceeding is time barred, we first address the Statute of Limitations issues.

Statutes of Limitations begin to run on the accrual of a cause of action (*see*, CPLR 203 [a]). Respondents assert that a 1935 resolution of the Lake Luzerne Town Board was effective to abandon this segment of the highway and therefore any cause of action is long since time barred. The fallacy in this argument is that the 1935 resolution was totally ineffective to abandon this section of the highway and was therefore ineffective to commence the running of any Statute of Limitations. Highway Law former § 234, in effect in 1935 and therefore applicable here, did not authorize town boards to abandon highways by resolution. The statutory scheme, as pertinent to this case, required respondent Town Highway Superintendent, upon a finding that the highway had not been traveled or used for a period of six years, to file and cause to be recorded in the Town Clerk's office a written description of the highway, signed by the Superintendent and the Town Clerk, whereupon the highway was deemed abandoned.* It is undisputed that this did not occur. Moreover, respondents' reliance on the six-year

---

* Highway Law former § 234 is now Highway Law § 205 and contains the same provisions, except that the abandonment must be effected by written consent of a majority of the town board and the certificate to be filed in the

provision of this statute as defining the time period within which a proceeding must be brought is clearly unsupported by the language of the statute.

Failure to file Highway Superintendent's certificate renders respondents' reliance on the one-year Statute of Limitations found in Highway Law § 205, either as originally enacted (which would have required this proceeding to be brought within one year of the effective date of the statute) or as it now exists (requiring the proceeding to be brought within one year of the filing of the Highway Superintendent's certificate), equally unavailing.

Next, respondents argue that this CPLR article 78 proceeding is untimely because former counsel for petitioner Kenneth E. Aldous, in a letter dated June 30, 1995 to the Town's attorney, admitted that Aldous had knowledge of the 1935 resolution and a January 1994 reaffirmation by the Town Board of its 1935 resolution. Thus, respondents argue that this proceeding to review the Town Board's action is untimely as it was not commenced within four months of the 1994 resolution. First, the January 1994 Town Board meeting minutes are not a part of the record, so the exact nature of the action taken, if any, is unknown. Nevertheless, since the 1935 resolution was ineffective to abandon this segment of the highway, a 1994 reaffirmation could not constitute an abandonment. Second, a fair reading of the record indicates that petitioners' former counsel sought first to convince the Town's attorney that this segment of Beartown Road had never been abandoned in accordance with the requirements of the Highway Law and, second, an opportunity to address the Board at some future meeting. Despite some indication in the record that the Town was willing to so meet, and despite repeated requests from petitioners' counsel, the Town's refusal to maintain this portion of the highway was not communicated to petitioners until they received a letter from the Town's attorney dated March 29, 1999. This proceeding was commenced by the filing of the petition on July 29, 1999 and since it is not a proceeding in the nature of mandamus to review (cf., Treadway v Town Bd., 163 AD2d 637), but is in the nature of mandamus to compel the performance of a duty imposed by law (see, Highway Law § 140), the proceeding was timely commenced (see, Matter of Van Aken v Town of Roxbury, 211 AD2d 863, 864, lv denied 85 NY2d 812).

We therefore turn to the merits of the petition. The burden

town clerk's office must be signed by the town board members, rather than by the clerk and the highway superintendent.

of establishing abandonment of a highway is on the party claiming that the abandonment has occurred (*see, Daetsch v Taber,* 149 AD2d 864, 864; *Matter of Shawangunk Holdings v Superintendent of Highways of Town of Shawangunk,* 101 AD2d 905, 907, *appeal dismissed* 63 NY2d 773). Supreme Court correctly determined that respondents failed to carry this burden since they submitted no evidence that the portion of Beartown Road at issue ceased to be a highway by reason of lack of travel or use for a period of six years (*see,* Highway Law § 205 [1]). Respondents' exclusion of this segment of Beartown Road from the list of public highways, which they submitted to the State Department of Transportation in 1963 for purposes of highway aid, does not constitute proof of abandonment. It is well settled that once a way becomes a highway, it continues in that status until the contrary is shown (*see, De Cuyper v Gonzales,* 214 AD2d 764, 766; *Matter of Flacke v Strack,* 98 AD2d 881). Conversely, the evidence submitted by petitioners to Supreme Court, establishing that the portion of Beartown Road in question has been and continues to be regularly used and traveled as a highway, is uncontroverted and was properly credited by the court. Accordingly, Supreme Court correctly granted the relief requested by petitioners.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.