■ Paul F. Abess et al., Appellants, v Curtis Rowland et al., Respondents. [787 NYS2d 143]—

Mercure, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered November 7, 2003 in Warren County, which granted defendants' motion for summary judgment dismissing the complaint.

In April 1995, the Town Board of the Town of Queensbury adopted a resolution closing a section of an unimproved highway known as Fuller Road in the Town of Queensbury, Warren County, pursuant to Highway Law § 171 (2).* Thereafter, the Town erected barriers blocking access to the road on either end of the closed section, a portion of which ran through defendants' property. Defendants also installed chains and fences, effectively rendering the road impassable.

In January 2002, plaintiffs commenced this action alleging that the road is subject to an easement for the benefit of the public and that defendants have wrongfully denied plaintiffs access to the road. Supreme Court ultimately granted defendants' motion for summary judgment and dismissed the complaint in its entirety. Plaintiffs appeal and we now affirm.

Plaintiffs do not challenge the Town Board's discontinuance of the road at issue under Highway Law § 171 (2) (see Salvador v Town Bd. of Town of Queensbury, 303 AD2d 826 [2003]; Schulz v Town Bd. of Town of Queensbury, 253 AD2d 956 [1998], lv denied 93 NY2d 808 [1999], appeal dismissed 93 NY2d 847 [1999]). They assert, however, that the public retained an easement separate and apart from any rights that the Town may have had in the road and that such easement was not affected by the Town's discontinuance of the road (see generally De Cuyper v Gonzales, 214 AD2d 764, 766 [1995]). Plaintiffs assert that this easement could be extinguished only through a transfer by deed or through the filing of a certificate of abandonment by the Town pursuant to Highway Law § 205 (1). We disagree.

---

* The closure of Fuller Road has been the subject of several proceedings and actions, two of which resulted in appeals before this Court where we determined that challenges to the Town Board's actions in closing the road were barred by the statute of limitations (see Salvador v Town Bd. of Town of Queensbury, 303 AD2d 826 [2003]; Schulz v Town Bd. of Town of Queensbury, 253 AD2d 956 [1998], lv denied 93 NY2d 808 [1999], appeal dismissed 93 NY2d 847 [1999]).

There is no dispute that Fuller Road was a "[h]ighway[ ] by use" and that the Town never acquired fee title to it (Highway Law § 189; *see Heyert v Orange & Rockland Util.,* 17 NY2d 352, 357 [1966]; *Bashaw v Clark,* 267 AD2d 681, 683-685 [1999]). Accordingly, even assuming that a public right-of-way survived the Town Board's discontinuance of Fuller Road pursuant to Highway Law § 171 (2), a finding of abandonment under Highway Law § 205 (1) would both extinguish the public right-of-way and cause title to revert to the fee owners without the necessity of a transfer by deed (*see Bashaw v Clark, supra* at 685; *Parillo v Salvador,* 248 AD2d 847, 849-850 [1998], *lv dismissed* 92 NY2d 920 [1998], *lv denied* 94 NY2d 754 [1999]; *De Cuyper v Gonzales, supra* at 767). In pertinent part, Highway Law § 205 (1) provides that "every highway that shall not have been traveled or used as a highway for six years, shall cease to be a highway, and every public right of way that shall not have been used for said period shall be deemed abandoned as a right-of-way."

Defendants presented evidence that since May 1995, the road has been impassable by vehicles, that no public work or mainte-nance has been performed on the road and that individuals at-tempted to walk or bike on the road only 15 times. Inasmuch as occasional, limited use will not defeat a finding of abandonment under Highway Law § 205 (1) (*see Pless v Town of Royalton,* 185 AD2d 659, 659 [1992], *affd* 81 NY2d 1047 [1993]; *Daetsch v Taber,* 149 AD2d 864, 865-866 [1989]), we conclude that defendants met their burden in establishing prima facie that Fuller Road was abandoned. In response, plaintiffs failed to contradict defendants' showing, arguing instead that "a proceeding" was required to establish abandonment. Contrary to plaintiffs' assertion, however, the filing of a "certificat[e] of abandonment is a ministerial act [and i]f the facts constituting an abandonment are present, the road is deemed abandoned by operation of law, not by the filing of the certificate" (*Pless v Town of Royalton, supra* at 660; *see Matter of Wills v Town of Orleans,* 236 AD2d 889, 890 [1997]; *Daetsch v Taber, supra* at 865). Accordingly, given plaintiffs' failure to raise a triable issue of fact regarding abandonment, we agree with Supreme Court that summary judgment dismissing the complaint was war-ranted here.

We have considered plaintiffs' remaining arguments and conclude that they are without merit.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.