■ JAY S. CURTIS et al., Appellants, v TOWN OF GALWAY et al., Respondents. [858 NYS2d 394]—

Rose, J. Appeal from those parts of an order of the Supreme Court (Nolan, Jr., J.), entered May 29, 2007 in Saratoga County, which partially granted defendants' motion for summary judgment dismissing the complaint and granted defendants' motion to modify a prior order of the court.

After acquiring title to land traversed by West Galway Road, a dirt road located in defendant Town of Galway in Saratoga County, plaintiffs commenced this action pursuant to RPAPL article 15 seeking, among other things, a judgment declaring a section of the road to be abandoned under Highway Law § 205

based upon its alleged nonuse and lack of maintenance. Following discovery, defendants moved for summary judgment dismissing the complaint citing plaintiffs' admissions of public use, the deposition of the Town's Highway Superintendent, photographs depicting an unobstructed roadway and the Town's highway records. Plaintiffs opposed the motion by asserting that they had observed only minimal use and poor maintenance of the road. Supreme Court partially granted the motion by dismissing plaintiffs' causes of action based upon abandonment.

Plaintiffs contend on appeal that the grant of summary judgment was premature because they did not have the opportunity to depose additional witnesses regarding the nonuse of the road. They have not, however, explained what additional information could be obtained from other witnesses or why their affidavits could not be presented (*see Zinter Handling, Inc. v Britton*, 46 AD3d 998, 1001 [2007]; *Allen v Vuley*, 223 AD2d 868, 869 [1996]).

We are also unpersuaded by plaintiffs' contention that Supreme Court should have first determined whether the road had ever become a public highway. Their complaint alleges that the road "historically became a public highway by use," but the Town abandoned it by nonuse and nonmaintenance. There is no allegation that the road was not a public highway prior to the period of alleged abandonment. This unexplained omission, along with plaintiffs'. failure to move to amend the complaint or make any showing of merit to their new claim that the road had never become a public highway, supports Supreme Court's determination to reject their assertion and consider only the issue of abandonment (*see Baron v Pfizer, Inc.*, 42 AD3d 627, 630 [2007]; *Anderson Props. v Sawhill Tubular Div., Cyclops Corp.*, 149 AD2d 950, 950-951 [1989]).

As for the merits of the abandonment issue, it has long been settled that once a road becomes a public highway, "it is presumed to continue until it is shown to exist no longer" (*City of Cohoes v Delaware & Hudson Canal Co.*, 134 NY 397, 407 [1892]; *see Matter of Shawangunk Holdings v Superintendent of Highways of Town of Shawangunk*, 101 AD2d 905, 907 [1984], *appeal dismissed* 63 NY2d 773 [1984]). It will be deemed abandoned, however, if it is not traveled or used as a public highway for six years (*see* Highway Law § 205 [1]; *Matter of Van Aken v Town of Roxbury*, 211 AD2d 863, 865 [1995], *lv denied* 85 NY2d 812 [1995]).

Defendants presented evidence that since at least 1963 the road has been included in the inventory of the Town's public highway system, public maintenance has been periodically

performed on the road, and the public has made regular use of it. Such use was proven in part by the deposition testimony of plaintiffs Jay S. Curtis and Reed G. Hagelin, whose admissions supported many of the Town's contentions. Further, defendants provided an extensive number of photographs of the road which show that the travel lane is clearly defined and unobstructed (*see Matter of Smigel v Town of Rensselaerville*, 283 AD2d 863, 864 [2001]). By this evidence, and the continuation presumed for a public highway, defendants made a prima facie showing that the road was not abandoned (*see Matter of Shawangunk Holdings v Superintendent of Highways of Town of Shawangunk*, 101 AD2d at 907; *cf. Abess v Rowland*, 13 AD3d 790, 792 [2004]).

In response, plaintiffs revised their deposition testimonies by claiming that the public uses which they had described previously—and of which they had complained to the Town in the past—were primarily by their own family members and invitees. Such self-serving attempts to contradict their prior sworn testimony cannot create questions of fact (*see Daisernia v Thomas*, 12 AD3d 998, 999 [2004]; *Campagnano v Highgate Manor of Rensselaer*, 299 AD2d 714, 715 [2002]). Also, plaintiffs failed to dispute defendants' proof as to the maintenance performed during the six-year period prior to the commencement of the action. There being no material question of fact raised as to the public's use or maintenance of the road, Supreme Court did not err by dismissing plaintiffs' causes of action based on abandonment.

Mercure, J.P., Peters, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.