■ In the Matter of JASON NIEDERMAIER, Respondent, v TOWN OF CONESUS et al., Appellants. [914 NYS2d 495]—

Appeal from a judgment (denominated order) of the Supreme

Court, Livingston County (Thomas M. Van Strydonck, J.), dated September 28, 2009 in a proceeding pursuant to CPLR article 78. The judgment, among other things, declared Kuder Hill Road a Town highway of Town of Conesus within the meaning of Highway Law § 3 (5).

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking a determination that Kuder Hill Road in respondent Town of Conesus (Town) is a Town highway and that respondent Highway Superintendent is required to maintain it. Respondents contended in their answer, however, that a specified portion of the road is abandoned and thus is no longer a highway, and they sought judgment directing petitioner, inter alia, to reimburse respondents for the reasonable attorneys fees incurred by them in defending this proceeding. Following a hearing on the petition, Supreme Court determined that the Town's certificate of abandonment for the relevant portion of Kuder Hill Road was null and void, and the court further ordered respondents to repair and otherwise maintain the road in accordance with Highway Law § 140. We affirm.

Highway Law § 205 (1) provides in relevant part that "every highway that shall not have been traveled or used as a highway for six years[ ] shall cease to be a highway," and the party asserting that there has been an abandonment has the burden of establishing that there has in fact been one (*see Matter of Shawangunk Holdings v Superintendent of Highways of Town of Shawangunk*, 101 AD2d 905, 907 [1984], *appeal dismissed* 63 NY2d 773 [1984]; *Matter of Flacke v Strack*, 98 AD2d 881, 882 [1983]). The court's determination on the issue of abandonment will not be disturbed unless there is no fair interpretation of the evidence to support it (*see Daetsch v Taber*, 149 AD2d 864, 865 [1989]; *McCall v Town of Middlebury*, 52 AD2d 736 [1976]). Here, various witnesses testified at the hearing on the petition that the road had been regularly "traveled or used as a highway" during the six years prior to the filing of the certificate of abandonment (Highway Law § 205 [1]), and thus the court's determination that respondents failed to prove that the road was abandoned is supported by the requisite fair interpretation of the evidence (*see Matter of Faigle v Macumber*, 169 AD2d 914 [1991]; *Daetsch*, 149 AD2d at 865; *Shawangunk Holdings*, 101 AD2d at 907). Present—Centra, J.P., Peradotto, Carni and Sconiers, JJ.