Matter of Fernandez v Town of Benson (2021 NY Slip Op 04584)





Matter of Fernandez v Town of Benson


2021 NY Slip Op 04584


Decided on July 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 29, 2021

531631
[*1]In the Matter of Frank Fernandez et al., Respondents,
v
Town of Benson et al., Appellants.

Calendar Date:June 2, 2021

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

FitzGerald Morris Baker Firth PC, Glens Falls (John D. Aspland Jr. of counsel), for appellants.
Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Justin W. Gray of counsel), for respondents.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Slezak, J.), entered June 12, 2020 in Hamilton County, which, among other things, in a combined proceeding pursuant to CPLR article 78, plenary action and action for declaratory judgment, denied respondents' motion for summary judgment dismissing the petition/complaint and partially granted petitioners' motion for summary judgment.
In 1996, petitioner Frank Fernandez (hereinafter Fernandez) purchased real property located at the intersection of County Route 6 and Van Slyke Road in the Town of Benson, Hamilton County.[FN1] Shortly after he purchased the property, he was informed by the Town's then highway superintendent, Arthur T. Horton, that Van Slyke Road had been abandoned by respondent Town of Benson and that the Town did not repair or maintain the road. Petitioners' driveway connects to Van Slyke Road and, as such, the road is and has been used by petitioners' guests, delivery service companies, postal carriers, and fuel and gas delivery providers. Petitioners have repaired and maintained the road since 1996. In 2016, petitioners were researching the property on the Internet and came across a depiction of "Van Slyke Road." Consequently, petitioners searched the County Clerk's office and did not find any records evidencing that Van Slyke Road was abandoned. Petitioners then requested that respondent George Blowers, the Town's current highway superintendent, and the Town take over maintenance of the road, but petitioners' requests were denied. Shortly thereafter, in August 2018, Blowers submitted a written certificate of abandonment to the Town Board, pursuant to Highway Law § 205, certifying that the road had not been traveled on or used as a highway for more than six years, and the Town Board consented to same.
Petitioners commenced this hybrid action/proceeding against respondents seeking, among other things, a declaratory judgment that Van Slyke Road is a Town highway, that the Town's purported abandonment of the road by certificate is null and void and that the road is not otherwise abandoned, and to compel the Town to repair and maintain the road (hereinafter the abandonment claim). Petitioners also seek monetary damages related to the Town's failure to repair and maintain the road, including reimbursement for expenses incurred by petitioners to maintain the road since 1996. Petitioners further seek compensatory and punitive damages, pursuant to 42 USC § 1983, based upon their claim that respondents violated their equal protection rights by treating them disparately compared to others similarly situated by failing to repair and maintain Van Slyke Road (hereinafter the equal protection claim).[FN2]
Respondents answered the petition/complaint, asserting various defenses, including the statute of limitations. Upon completion of discovery, respondents filed a motion pursuant to CPLR 3211 [FN3] and 3212, supported by Horton's affidavit, seeking dismissal of the abandonment claim and the equal protection [*2]claim as time-barred, and also seeking summary judgment dismissing the abandonment claim. Shortly thereafter, petitioners moved for, among other things, summary judgment as to their request for mandamus and for a declaratory judgment on the abandonment claim. Supreme Court, among other things, denied respondents' motion in its entirety, granted petitioners' motion for summary judgment as it related to the abandonment claim and declared that the road was not abandoned, thus compelling the Town to repair and maintain it. Respondents appeal.
Respondents contend that Supreme Court erred in failing to dismiss the equal protection claim as time-barred. The statute of limitations for an equal protection claim, pursuant to 42 USC § 1983, is three years (see Syfert v City of Rome, 2020 WL 4506689, *4, 2020 US Dist LEXIS 66786, *8 [ND NY, Apr. 15, 2020, No. 6:19-CV-0775 (GTS/ML)]; Brown v State of New York, 250 AD2d 314, 318 [1998]). A cause of action under 42 USC § 1983 accrues when the petitioners knew or should have known of the injury that is the basis of the action (see Giovannetti v Dormitory Auth. of State of N.Y., 115 AD2d 851, 853 [1985], affd 69 NY2d 621 [1986]; see Pearl v City of Long Beach, 296 F3d 76, 80 [2d Cir 2002], cert denied 538 US 922 [2003]). In 2018 — after learning that Van Slyke Road was not abandoned — petitioners asked the Town and Blowers to maintain the road and they refused. Thereafter, the Town sought to abandon Van Slyke Road by certificate. As petitioners commenced this hybrid action/proceeding in December 2018, well within three years of the alleged disparate treatment that gave rise to petitioners' injury under 42 USC § 1983, Supreme Court properly found that the equal protection claim is not time-barred (see Giovannetti v Dormitory Auth. of State of N.Y., 115 AD2d at 853).
Respondents next assert that Supreme Court erred in failing to dismiss petitioners' claim under 42 USC § 1983 upon the merits, as there is no proof that other individuals were similarly situated to petitioners. Petitioners' equal protection claim is based upon selective enforcement. A selective enforcement violation "arises where first, a person (compared with others similarly situated) is selectively treated and second, such treatment is based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person" (Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 631 [2004] [emphasis omitted]). The petitioners "must identify comparators that a reasonably prudent person would think were roughly equivalent to the [petitioners], though the [petitioners do] not need to show an exact correlation between them and that similarly situated person" (Garuc v Town of Durham, 2018 WL 834077, *11, 2018 US LEXIS 21480, *30 [ND NY, Feb. 9, 2018, No. 1:17-CV-0130 (GTS/CFH)] [internal quotation marks and citations omitted]).
Petitioners assert that there [*3]are many other roads in the Town that have no outlet — with no or few residences situated on them — that are maintained by the Town. Specifically, petitioners point to Snell Road and Hunt Road as being roughly equivalent to Van Slyke Road. Like Van Slyke Road, these roads are dead ends, are comprised of compressed dirt and gravel, and have only one residence. Unlike Van Slyke Road, the Town maintains these roads. Petitioners also allege that Tannery Road, where the Town Supervisor's residence is located, is also an unpaved dead end road, and a portion of the road is not even located within the Town, and yet the Town maintains it. Petitioners further point to the manner in which the Town purported to formally abandon Van Slyke Road via written certificate, as proof of personal animus, and malicious and improperly motivated conduct. While the concurrence/dissent refers to this filing as a merely "ministerial act," the record confirms that this was done shortly after petitioners approached the Town and demanded that it maintain the road. More significantly, this is the first and only time in the Town's history that such a certificate has been filed. As such, we are unpersuaded that, at this stage of the litigation, the filing of the certificate should be accorded the minimal significance assigned to it by the concurrence/dissent. On the contrary, viewing these allegations liberally, petitioners have stated an equal protection claim under 42 USC § 1983, and we therefore find that Supreme Court properly denied respondents' motion for summary judgment dismissing said claim (see Kreamer v Town of Oxford, 96 AD3d 1130, 1133 [2012]; Matter of Niagara Mohawk Power Corp. v State of New York, 300 AD2d 949, 955 [2002]).
Respondents also contend that Supreme Court erred in determining that they failed to establish their prima facie entitlement to summary judgment on the abandonment claim. Respondents further contend that Supreme Court failed to properly weigh the credibility of Horton's affidavit in rendering its determination. "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. If the proponent of the motion satisfies its prima facie burden, the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (Fontaine v City of Amsterdam, 172 AD3d 1602, 1603 [2019] [internal quotation marks, brackets and citations omitted]; see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 175 [2019]).
"[I]t has long been settled that once a road becomes a public highway, it is presumed to continue until it is shown to exist no longer. It will be deemed abandoned, however, if it is not traveled or used as a public highway for six years" (Curtis v Town of Galway, 50 AD3d 1370, 1371 [2008[*4]] [internal quotation marks and citations omitted]; see Highway Law § 205 [1]). In determining whether a road has been abandoned "through nonuse, the municipality's intention is irrelevant. In fact, a town superintendent's certification of abandonment is viewed as a ministerial act and, thus, if the substantive facts constituting an abandonment [are] met, the road would cease to be a highway by operation of law, not by the [s]uperintendent's certification" (Daetsch v Taber, 149 AD2d 864, 865 [1989] [internal quotation marks, ellipsis and citation omitted]). "Instead, the relevant inquiry is whether travel on the road, whether by vehicle or on foot, continued to occur in forms reasonably normal, along the lines of an existing street" (Ciarelli v Lynch, 69 AD3d 1008, 1010 [2010] [internal quotation marks and citations omitted]).
We begin our analysis mindful that, generally, "[a] determination of abandonment of a road by nonuse is a factual determination" (Matter of Smigel v Town of Rensselaerville, 283 AD2d 863, 864 [2001]). In support of their motion, respondents submitted the affidavit of Horton, who was the Town highway superintendent from 1980 to 2000, the deposition transcript of Fernandez, photographs and the certificate of abandonment. Initially, we disagree with Supreme Court's assessment of Horton's affidavit as based on conjecture, assumption and hearsay. Horton's affidavit is based on his observations of Van Slyke Road during his 20 years of employment as the Town's highway superintendent. His duties as highway superintendent required him to oversee and maintain all roads in the Town. Specifically, Horton averred that he was intimately familiar with every Town highway, having personally performed some or all of the maintenance on the roads.
Turning to the merits, Horton averred that, during his tenure as highway superintendent, he considered Van Slyke Road abandoned as it was no different than a footpath in the woods and, in order for it to become passable, some degree of maintenance would be required. Further, Horton stated that he did not see anyone using the road, there were no indicators that the road was regularly used, and the Town did not perform any maintenance on the road during his 20-year tenure as highway superintendent. Horton does not recall his conversation with Fernandez in 1997; nevertheless, he concurs that he would have told him that the road was abandoned and that the Town did not and would not perform maintenance on the road. This satisfied respondents' initial burden of proving abandonment. Therefore, the burden shifted to petitioners.
In opposition to respondents' motion and in support of their own motion for summary judgment on the abandonment claim, petitioners submitted, among other things, deposition transcripts of past and present council members, including those named as respondents herein, and various maps and photographs. Fernandez stated that he began utilizing the road shortly after purchasing [*5]the property in 1996. Thereafter, delivery services, fuel services and loggers utilized the road to access his property and residence. Additionally, family members, friends and hunters use the road, although Fernandez admitted that the hunters generally asked for his permission and that he has left notes on the cars of those who do not, informing them that they are on "private property." Fernandez also said that there was a small, old, family cemetery located on his property and that two elderly brothers annually used the road to visit it. Further, Blowers and one of the council members stated that they sometimes utilized the road to access adjoining state lands. However, the depositions also reflect that the road has been barricaded via a gate and rocks on a number of occasions. Further, it is unknown how frequently these individuals used the road — whether sporadically or regularly. Finally, there was very little information as to the condition of the road at the time that Fernandez purchased the property and was advised that the road had previously been abandoned; the photographs only depict the road in its current condition after petitioners have maintained it for the past 20 years. Based on such evidence, we find that triable issues of fact exist as to the use and condition of Van Slyke Road such that neither party is entitled to summary judgment on the abandonment claim (see Dandomar Co., LLC v Town of Pleasant Val. Town Bd., 142 AD3d 681, 683 [2016]; Matter of Smigel v Town of Rensselaerville, 283 AD2d at 865; De Cuyper v Gonzales, 214 AD2d 764, 767 [1995]). As such, that part of Supreme Court's order granting petitioners' motion on the abandonment claim must be reversed.
Aarons and Colangelo, JJ., concur.
Lynch, J.P. (concurring in part and dissenting in part).
We respectfully dissent, in part. To begin, we agree with the majority that questions of fact exist on petitioners' abandonment claim. That said, although the majority has correctly stated the standard governing an equal protection claim based upon selective enforcement under 42 USC § 1983, we do not agree that petitioners have met the "impermissible considerations" component of that standard (Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 631 [2004]). Since petitioners "do not allege selective treatment based on race, religion or punishment for the exercise of constitutional rights," they must demonstrate that respondent Town of Benson acted "with malevolent intent" in treating Van Slyke Road as abandoned (id.). As explained by the Court of Appeals in Bower, "different treatment of persons similarly situated, without more, does not establish a claim. What matters is impermissible motive: proof of action with intent to injure — that is, proof that the applicant was singled out with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances" (id. [internal quotation marks and citations [*6]omitted]).
This record demonstrates that when petitioner Frank Fernandez purchased the property in 1996, the Town highway superintendent at the time, Arthur T. Horton, advised that Van Slyke Road had long been abandoned. When petitioners' research in 2016 did not reveal any records of abandonment, their request that the Town take over maintenance of the road was denied and eventually led to the current highway superintendent, respondent George Blowers, submitting a written certificate of abandonment to the Town Board pursuant to Highway Law § 205. Petitioners point to the filing of this certificate as evidence of an improper motive, but abandonment occurs by operation of law when a highway has not been traveled upon or used as a highway for six years (see Highway Law § 205 [1]; Curtis v Town of Galway, 50 AD3d 1370, 1371 [2008]). The filing of a certificate to memorialize that abandonment is a ministerial act (see Daetsch v Taber, 149 AD2d 864, 865 [1989]) and, even if this was the first time that the Town took that step, "the requisite showing of improper motivation is lacking" (Bower Assoc. v Town of Pleasant Val., 2 NY3d at 632). In our view, petitioners' allegations fall far short of depicting the high degree of improper motive necessary to support a selective enforcement claim. An equal protection claim must be more than another layer of judicial review of a land use determination (see id. at 627, 630). That something more — the demonstration of "malevolent intent" necessary to validate a selective enforcement claim (id. at 631) — has not been demonstrated. As such, Supreme Court should have granted respondents' motion to dismiss the equal protection claim.
Clark, J., concurs.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioners' motion for summary judgment on the abandonment claim; said motion denied; and, as so modified, affirmed.



Footnotes

Footnote 1: In 2002, Fernandez executed a deed conveying joint ownership of the property to himself and petitioner Elaine Fernandez, his wife.

Footnote 2: By stipulation of the parties, petitioners discontinued their third cause of action for trespass.

Footnote 3: Because respondents' motion to dismiss pursuant to CPLR 3211 (a) (5) was made after answer, it was properly a motion for summary judgment based upon CPLR 3211 (a) grounds asserted in the answer (see Johnson v Collyer, 191 AD3d 1192, 1193 n [2021]; Jones v State of New York, 171 AD3d 1362, 1362 n 1 [2019], appeal dismissed 33 NY3d 1056 [2019]).