■ MICHAEL J. PRUDENTI, Respondent, v. PAUL HAUSHEER, et al., Appellants.— In this action to recover a $10,000 deposit on a contract for the sale of realty and for fraud and counsel fees, (1) defendant Lubar appeals from a judgment of the Supreme Court, Queens County, entered November 29, 1971, after inquest, in favor of plaintiff, and from three orders of the same court, dated December 9, 1971, December 14, 1971, and January 14, 1972, respectively, the first denying his motion, inter alia, to vacate a default on a calendar call, without prejudice to renewal, the second denying a similar motion by him, and the third, made upon further motion by all the defendants, intera alia, to vacate the judgment and open their default, denying the motion as to defendant Lubar, granting it as to defendants Hausheer, upon conditions, and providing for service of a bill of particulars and for examinations before trial; and (2) defendants Hausheer, also appeal, as limited by their brief, from so much of the order of January 14, 1972 as imposed conditions upon the granting of their motion. Appeal from judgment dismissed, without costs. No appeal lies from a default judgment. Appeals from orders dated December 9, 1971 and December 14, 1971 dismissed as academic, without costs, in view of the determination herein on the appeal from the order of January 14, 1972. Order dated January 14, 1972 reversed, without costs, and motion brought on by order to show cause dated December 8, 1971 granted to the extent that the judgment entered November 29, 1971 is vacated and defendants' default is opened. With respect to defendants Hausheer, the default judgment was procured without compliance by plaintiff with CPLR 321 (subd. [c]) and should have been vacated as to these defendants (Tournier v. Linden Gen., Inc., 26 A D 2d 576; Vlahakis v. Sharf, 283 App. Div. 1087). In our opinion, defendant Lubar, who was an attorney — disbarred during the pendency of this action, in which he appeared pro se — was chargeable with knowledge of the proceedings to be followed herein and does not receive the protection of CPLR 321 (subd. [c]). However, in the exercise of our discretion, the default judgment against him should likewise be vacated. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY HILL, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 6, 1969, convicting him of robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reducing the sentence upon the grand larceny count from five to four years. As so modified, judgment affirmed (Penal Law, § 70.00, subd. 2). Martuscello, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.