■ GRANADA BUILDINGS, INC., Respondent-Appellant, v CITY OF KINGSTON et al., Appellants-Respondents. — Cross appeals from a judgment of the Supreme Court in favor of defendants, entered July 30, 1981 in Ulster County, upon a decision of the court at Trial Term (Hughes, J.), without a jury. This is an action for a judgment declaring assessments levied against plaintiff's property to be void and in violation of a contract between plaintiff and the City of Kingston wherein the city obligated itself to provide plaintiff with a real property tax abatement for 25 years. The record reveals that to implement a housing plan, the city, in early 1970, encouraged plaintiff to construct a senior citizen low-income housing project. In 1976, after plaintiff began construction of the project, it encountered financial problems due to a Federally mandated union wage. When the mayor of the city failed to arrange a low interest loan from local banks for plaintiff, the city council passed a resolution in February, 1977, providing for a real property tax levy on the structure in a total annual amount of $15,600 for 25 years. In early 1978, following an investigation, it was learned that plaintiff was not incorporated as a "redevelopment company" eligible for a tax exemption pursuant to section 125 of the Private Housing Finance Law. Plaintiff agreed to change its certificate of incorporation to so comply, but the city refused to exercise its discretion to permit the change. On March 14, 1979, the city passed a resolution rescinding the February, 1977 resolution and the instant action was commenced. The trial court held that the February, 1977 resolution was not a valid contract, but that plaintiff was entitled to the tax abatement until the resolution was rescinded in March, 1979. The court also held that plaintiff may pay the taxes owing without interest or penalty. These cross appeals ensued. The paramount issue for consideration is whether the February, 1977 resolution is a valid and binding contract. The trial court concluded it was not since plaintiff was not qualified to receive such a tax exemption. We arrive at a contrary conclusion. Implicit in the trial court's determination on this issue is that the passing of the 1977 resolution by the city was *ultra vires.* A contract made by a municipality is *ultra vires* when it is not within the power of a municipal corporation to make

under any circumstances or for any purpose (10 McQuillin, Municipal Corporations, § 29.10, p 236). The city, however, had the authority to contract to provide a tax abatement pursuant to section 125 of the Private Housing Finance Law. The difficulty in the instant case is that plaintiff was not incorporated as a "redevelopment company". Such circumstance does not, in our opinion render the contract *ultra vires* as one beyond the scope of authority, but rather the contract was the result of a defective exercise of existing authority. Consequently, the contract was not null and void on the ground it was *ultra vires*. It is significant that in the present case the city encouraged plaintiff to continue the construction of the project and provide low income housing for the citizens of the community. As an inducement, the city granted the tax abatement and plaintiff, relying on the abatement, completed the project. Consequently, the city, in our opinion, should be equitably estopped from attacking the validity of the 1977 contract (*Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668). In addition, the city's refusal to exercise its discretion to permit plaintiff to become a redevelopment company was, in our view, arbitrary and unreasonable, and this court has the authority to compel the city to perform such a discretionary act (*Matter of Weber v Department of Fire of City of Syracuse,* 54 AD2d 164). We conclude that such relief is proper in the present case, and that we may grant such relief even though this is not an article 78 proceeding wherein the relief was demanded (CPLR 3017, subd [a]; *Hartman v Whalen,* 68 AD2d 466, 469). Inasmuch as we have concluded that the contract was not *ultra vires,* we pass to a consideration of the constitutionality of the city's revocation of the abatement. It is argued that the 1979 resolution violated the constitutional safeguard against the impairment of contracts (US Const, art I, § 10). This constitutional provision prohibits a municipality from unilaterally abrogating contracts which it has entered into (*Matter of Wa-Wa-Yanda v Dickerson,* 18 AD2d 251). In our view, the 1979 resolution was an attempt by the city to unilaterally abrogate the 1977 contract and, therefore, the resolution was unconstitutional and void. Accordingly, plaintiff was and remains entitled to be taxed at a total annual amount of $15,600 as provided in the city's 1977 resolution, and any taxes over that amount after the 1977 resolution were improperly levied. In view of our conclusions, it is unnecessary for us to consider the remaining issues raised by defendants on their cross appeal. Judgment reversed, on the law, without costs, and judgment directed to be entered declaring that the February, 1977 resolution passed by the City of Kingston providing for a tax levy on plaintiff's housing project in a total annual amount of $15,600 for 25 years is binding on defendants and any taxes over that amount after the 1977 resolution were improperly levied, and the City of Kingston is directed to permit plaintiff to become a redevelopment company. Sweeney, J. P., Kane, Yesawich, Jr., and Levine, JJ., concur.