■ FIREMEN's FUND INSURANCE COMPANY, as Subrogee of EUGENE BOESKEN and Another, Respondent, v JOHN DIETZ, Appellant.

Plaintiff contends that the court properly refused to set aside the judgment because defendant failed to comply with CPLR 5015 (a) (1) by showing that the default was excusable and by moving within one year after the service of the judgment. We conclude that the defendant was not in default at the time the judgment was granted, thus, CPLR 5015 (a) (1) does not apply. CPLR 321 (c) provides for an automatic stay of proceeding upon the death of an attorney of record until 30 days after the service of a notice to appoint another attorney. The failure of the party to appoint another attorney does not place him in default; it merely terminates the stay and permits the opposing party to proceed. A court has inherent power to set aside its judgments for sufficient reasons and it is not limited by statute (*Ladd v Stevenson,* 112 NY 325). Since the defendant was not in default at the time the default judgment was taken, the judgment is a nullity and must be vacated (*R.L.C. Investors v Zabski,* 109 AD2d 1053; *Marazita v Nelbach,* 91 AD2d 604; *Red Cr. Natl. Bank v Blue Star Ranch,* 58 AD2d 983). (Appeal from order of Supreme Court, Erie County, Kane, J. — vacate default judgment.) Present — Hancock, Jr., J. P., Callahan, Boomer, Green and Schnepp, JJ.