■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v BENJAMIN PHILLIPS, Appellant.—In a proceeding pursuant to CPLR 7503 (c) to permanently stay the arbitration of the appellant's liability claim brought under the "hit-and-run" provisions of an insurance policy, the appeal is from an order of the Supreme Court, Nassau County (Kelly, J.), dated January 9, 1986, which denied the appellant's motion to vacate an order and judgment (one paper) of the same court, entered November 27, 1985, which granted the petition and stayed arbitration upon the appellant's alleged default.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the order and judgment (one paper) entered November 27, 1985 is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

Following the suspension from practice of the appellant's attorney (see, Matter of Kramer, 110 AD2d 735, appeal dismissed and lv denied 64 NY2d 1128), neither the suspended attorney nor the attorney handling the case acted to protect the appellant's rights, resulting in nonappearances on several scheduled court dates and, eventually, the entry of a default judgment. On one of the court dates preceding the entry of the default judgment, the court (Collins, J.) requested the petitioner to write to the appellant to apprise him of the need to obtain new counsel and of the date, some 3½ weeks away, set for the adjourned hearing on the petitioner's application for a permanent stay of arbitration. A letter was sent to the appellant at his last known address, but there is no proof that it was ever received.

This procedure did not comply with the notice requirements

of CPLR 321 (c), which provide that where an attorney becomes disabled at any time before judgment, "no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party either personally or in such manner as the court directs". First, there is no evidence in the record that any attempt was made to personally serve the required notice upon the appellant prior to obtaining the direction of substituted service from the court. Second, the record also fails to disclose any showing by the petitioner that would justify either a waiver of the 30-day notice requirement or the making of substituted service (see, 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 321.23). Third, no formal order was issued by the court with respect to the CPLR 321 (c) procedures, only an informal "request" which, in this case, proved to be unsuccessful in achieving its desired result. Finally, even assuming that CPLR 321 (c) procedures were properly followed, the failure of the appellant to give a responsive notice of the retention of new counsel within the allowed time period did not place him in default, but merely terminated the temporary statutory stay and permitted the opposing party to proceed; notice of any further proceedings was still required to be personally served upon the appellant (see, *Firemen's Fund Ins. Co. v Dietz*, 110 AD2d 1083). Since the default judgment was obtained without compliance by the petitioner with CPLR 321 (c), the order and judgment (one paper), entered on default, must be vacated (see, *Prudenti v Hausheer*, 39 AD2d 924; *Ardis v Schwartz*, 29 AD2d 559; *Firemen's Fund Ins. Co. v Dietz, supra*). Mollen, P. J., Lawrence, Kunzeman and Sullivan, JJ., concur.