■ CLARENCE S. CARLTON, IV, et al., Respondents, v ANNA

VOROSMARTY, Appellant.—Harvey, J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered August 23, 1989 in Warren County, which denied defendant's motion to open a default judgment entered against her, and (2) from an order of said court, entered October 3, 1989 in Warren County, which denied defendant's motion to declare the default judgment null and void.

Plaintiffs commenced this action seeking to recover damages allegedly sustained by plaintiff Clarence Carlton, IV when he fell on the steps of his apartment building, which is owned by defendant. Following joinder of issue, defendant's attorney had a stroke on July 1, 1987, incapacitating him from further representation of defendant. In June 1988, plaintiffs' attorney served a notice to appoint a new attorney pursuant to CPLR 321 (c). Under that statute if an attorney becomes incapacitated, no further proceeding may be taken against the party for whom he appeared, without leave of court, until 30 days after a notice to appoint another attorney has been served upon that party. Thereafter, defendant apparently encountered some difficulties in retaining another attorney and the 30-day period expired.

Nevertheless, on or about September 22, 1988, defendant was able to retain Robert Kelly to represent her and Kelly sent a letter to plaintiffs' attorney informing him of this fact. In the interim, however, on September 16, 1988, plaintiffs had appeared before Supreme Court and a default judgment was granted against defendant in the amount of $25,000. Upon learning of this fact, defendant's attorney made a motion to vacate the default judgment. This motion was denied and defendant appeals this order.* Defendant then brought another motion before Supreme Court seeking to have the default judgment declared null and void. This motion was also denied and defendant filed a notice of appeal from this order.

Initially, we must state our agreement with plaintiffs that defendant's second motion to declare the default judgment null and void was in actuality a motion to reargue Supreme Court's refusal to open the default judgment. Since the denial of motion to reargue is not appealable, that appeal must therefore be dismissed *(see, Ambrosino v Aetna Life Ins. Co.,* 157 AD2d 993).

---

* We note that although plaintiffs cite several alleged deficiencies with respect to defendant's notice of appeal and amended notice of appeal from this order, we nonetheless choose to ignore any defects in form as a matter of discretion *(see,* CPLR 5520 [c]).

Turning to the merits of Supreme Court's denial of defendant's motion to vacate, there must be a reversal. The fact that the 30-day period in CPLR 321 (c) for defendant to substitute a new attorney had expired did not put defendant in default *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C321:3, at 537). Once the period lapsed it meant only that the stay had expired and the action could proceed *(supra).* Accordingly, there was no authority for plaintiffs' attorney to proceed to take a default judgment against defendant merely because she did not obtain a new attorney in 30 days *(see, Matter of Allstate Ins. Co. v Phillips,* 128 AD2d 518, 519; *Firemen's Fund Ins. Co. v Dietz,* 110 AD2d 1083, 1084). There is no indication whatsoever from the record that defendant was personally notified of the impending proceedings against her *(see, supra).* Under these circumstances, we must conclude that defendant was not in default at the time the default judgment was taken. Therefore, the default judgment is a nullity and must be vacated *(see, Firemen's Fund Ins. Co. v Dietz, supra; see also, Chavoustie v Shaad,* 133 AD2d 532).

Order entered August 23, 1989 reversed, on the law, without costs, motion granted and default judgment entered against defendant vacated.

Appeal from order entered October 3, 1989 dismissed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.