■ U. S. REALTY SERVICES, LTD., Respondent, v LOUIS V. GRECO, JR., et al., Appellants, et al., Defendants.—In an action to recover damages for breach of contract, the defendants Louis V. Greco, Jr., Peter R. Gray, Landmark Restoration, Inc., National Homebuilders, Inc., Poplar Street Associates Corp., 234 West 81st Corp., and Living Landmarks Development Corp. appeal from an order of the Supreme Court, Nassau County (Molloy, J.), entered March 13, 1989, which granted the plaintiff's motion for leave to enter a default judgment against them and denied their cross motion for leave to serve a late answer.

Ordered that the order is modified, as a matter of discretion in the interest of justice, by adding to the provision granting the plaintiff's motion for leave to enter a default judgment the words "only with respect to the defendants Landmark Restoration, Inc, National Homebuilders, Inc., Poplar Street Associates Corp., 234 West 81st Corp., and Living Landmarks Development Corp. but is otherwise denied" and by deleting therefrom the provision denying that branch of the cross motion which was on behalf of the defendants Louis V. Greco, Jr., and Peter R. Gray for leave to file a late answer and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the defendants Louis V. Greco, Jr., and Peter R. Gray shall serve their respective answers upon the plaintiff within 10 days of service upon them of a copy of this decision and order, with notice of entry.

The excuse proffered on behalf of all the defendants now seeking to defend against this litigation for their failure to timely serve an answer is far from compelling *(see, Eugene Di*

*Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138; *Gray v B. R. Trucking Co.,* 59 NY2d 649; *Sortino v Fisher,* 20 AD2d 25, 32) and we decline to interfere with the Supreme Court's exercise of discretion in refusing to permit the corporate defendants to serve a late answer. It is, however, apparent from the complaint and from the contracts sued upon that the defendant Gray executed no document by which plaintiff would have him bound and it is questionable whether the defendant Greco executed any such document in his individual capacity. Moreover, it appears that service of process as against the defendant Greco was not complete *(see,* CPLR 308 [2]; 3012 [c]). Under the circumstances, the Supreme Court should have permitted the defendant Greco to answer *(cf., Firemen's Fund Ins. Co. v Dietz,* 110 AD2d 1083) and, given the patent strength of the defense of the defendant Gray, we substitute our discretion for that of Supreme Court to allow him to also serve an answer *(see, Ladd v Stevenson,* 112 NY 325; *Firemen's Fund Ins. Co. v Dietz, supra).* Sullivan, J. P., Harwood, Miller and O'Brien, JJ., concur.