■ FRANK J. PARILLO, Appellant, v JOHN SALVADOR, JR., et al., Respondents. [669 NYS2d 969] —Peters, J. Appeals (1) from an order of the County Court of Warren County (Moynihan, Jr., J.), entered October 30, 1996, upon a decision of the court in favor of defendants, and (2) from the judgment entered thereon.

Plaintiff and defendants own contiguous waterfront property on Dunham's Bay on Lake George in Warren County. Prior to 1930, a public highway existed along the shoreline at the south end of Dunham's Bay. The land formerly occupied by that highway (hereinafter the old road bed) now lies, in some areas, under the waters of Lake George. In approximately 1930, lands south of the old road bed were condemned by the County and the State constructed Route 9L in its current location.

Plaintiff's parcel, purchased in 1991, was from the estate of Allison Ellsworth who purchased the property in 1956. Some time after 1956 but before 1966, Ellsworth built five docks on the south shore of his property.[1] Unaware of his actual property lines, two such docks were actually constructed on the neighboring parcel which ultimately belonged to defendants. Defendants had two docks to the west of plaintiff's five docks; one was in existence when defendants purchased their property in 1973 and the second was built in 1974. Surveys made by licensed surveyors for both parties indicate that all but one-half of defendants' two docks were located on plaintiff's property. Defendants discovered the boundary discrepancies shortly after their purchase.

From 1973 on, defendants used and maintained stairways and walkways on plaintiff's property to access their two docks to the west. In 1975, defendants placed an underwater electrical conduit, 10 to 30 feet off shore and in one to two feet of water, under all five of plaintiff's docks to reach their two westerly docks. In 1989, after Ellsworth's death, defendants tore down, rebuilt and rented the two easternmost docks which had been unknowingly constructed by Ellsworth on their parcel. While the estate of Ellsworth did not take action at such time,

---

1. This created 10 slips of which nine were rented.

upon plaintiff's acquisition, this action was commenced alleging, *inter alia,* an entitlement by adverse possession to the two docks on defendants' parcel, the ejectment of defendants from such docks and from the walkways and stairs located on plaintiff's property, along with the removal of the underwater electrical conduit.

The predominant issue in this litigation became the ownership of the lands upon which all seven of the docks were constructed since the entrance to each was on the old road bed, now partially underwater and unused since 1930. The south border of such old road bed approximated the current north side of Route 9L. The old road, however, called the Fort George-Brayton County Highway, was never formally in the possession of Warren County or the State. County records for Warren County listing all country roads in 1929 made mention only of a "proposed" County highway in their list of roads, and in 1930 records reveal that the County began condemnation proceedings for the land bounded on the north by the old road bed for construction of what ultimately became State Route 9L.

Delwyn Mulder, a real estate attorney and title insurance specialist, testified that he reviewed an official County road map from 1938 which indicated that the road was listed as a Town road. He did note that according to a 1930 County appropriation map a survey was being conducted by the County for the subject lands in connection with the "proposed" Fort George-Brayton County Highway. Mulder further clarified that while he originally thought the road was a County road, subsequent research solidified his opinion that it was a Town road.

Roger Gebo, the Deputy Superintendent for the County's Department of Public Works and Paul Naylor, the Town's Highway Superintendent, testified that during their respective tenures with the County and State, neither maintained any portion of the old road. Eugene Sneeringer, an attorney and owner of a title abstract company, testified that he believed that the old road bed was an abandoned "user" Town road,[2] since there never was an appropriation of the land and it had not been used since 1930. Due to the Town's abandonment, he opined that the land reverted back to its fee owner, here defendants. Further complicating this dispute was conflicting testimony pertaining to plaintiff's boundary lines despite two virtually identical surveys: one done for defendants in 1976 and one done for plaintiff in 1991.

---

2. A road that became a public road through use.

After a nonjury trial, County Court rejected plaintiff's adverse possession claim, concluding that the land upon which the two docks are situated belonged to the County and not defendant, thereby precluding a claim of adverse possession. The court also rejected plaintiff's request to eject defendants from the two westerly docks due not only to the uncertainty of the boundaries of these properties, but also because it found these docks to be situated on County property. Finding all other claims to be academic, this appeal ensued.

The record before us is replete with clear and convincing evidence supporting not only plaintiff's claims of adverse possession but also defendants' claims (*see, Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159). However, if the County owned the road bed upon which these docks were constructed, all claims must fail since an "interest in land held by a municipality for public purposes cannot pass by adverse possession" (*West Ctr. Cong. Church v Efstathiou*, 215 AD2d 753, 754; *see, City of Tonawanda v Ellicott Cr. Homeowners Assn.*, 86 AD2d 118, 125, *appeal dismissed* 58 NY2d 824). Yet, if the Town, as opposed to the County, maintained the land originally without the concomitant acquisition of title, such road bed may be deemed a highway "by use" pursuant to the predecessor of Highway Law § 189,[3] thereby creating an easement by prescription (*see, Heyert v Orange & Rockland Utils.*, 17 NY2d 352), which reserves to defendants and their predecessors in interest title to the property.

Our review of the proffered documentary and testimonial evidence revealed a lack of proof that the County ever owned the old road bed. County records listing all roads in 1929 did not include this road in its list of Town roads, only a proposal for it. The 1930 appropriation map of the State Department of Public Works similarly indicates that such survey was for lands to be provided for "the said proposed" Fort George-Brayton County Highway. Although the record is silent on any condemnation proceedings for the old road bed, in 1930 the County began condemnation proceedings for the land bounded on the north by the old road bed for what later became State Route 9L. Based upon the testimony of Mulder, Gebo, Naylor and Sneeringer, which indicate a lack of official County ownership (*see, Salvador v New York State Dept. of Transp.*, 234 AD2d

---

**3.** Highway Law § 189 is identical to former Highway Law § 100 except that the former statute required 20 years of use and provided for supervision by commissioners and overseers instead of superintendents. By 1909, former Highway Law § 209 retained the 20-year statutory period but provided for oversight by Town superintendents.

741), followed by a lack of use since 1930 (*see,* Highway Law § 205 [1]), we find that title to the old road bed which reverted to the fee owners is now usurped by successful claims by both plaintiff and defendants for adverse possession.

We next address plaintiff's claim for damages. Since County Court did not reach this claim, arising from defendants' interruption of its use of the easterly two docks, we remit for an assessment thereof.

As to defendants, aside from acquiring ownership of the westerly two docks by adverse possession, they further satisfied the requirements for an easement by prescription over the walkways and stairways that extended over plaintiff's land (*see, City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118, *supra*). However, defendants' electrical conduit cannot remain as an encroachment on plaintiff's property (*see,* Real Property Law § 261) since plaintiff's prior permission was never obtained.

Cardona, P. J., White and Spain, JJ., concur. Ordered that the order and judgment are modified, on the law and the facts, with costs to plaintiffs, by reversing so much thereof as dismissed (1) plaintiff's claim to dock Nos. 1 and 2, and (2) plaintiff's request for removal of the electrical conduit; matter remitted to the County Court of Warren County for determination of plaintiff's request for damages in equitable relief in relation to its claim to dock Nos. 1 and 2; and, as so modified, affirmed.