■ ROBERT L. SCHULZ et al., Appellants, v TOWN BOARD OF THE TOWN OF QUEENSBURY et al., Respondents. [677 NYS2d 826] —Cardona, P. J. Appeal from an order of the Supreme Court (Dier, J.), entered October 28, 1997 in Warren County, which granted defendants' motions to dismiss the complaint as, *inter alia*, barred by the Statute of Limitations.

On April 17, 1995, acting upon the request of defendants Marion I. Rowland and Curtis S. Rowland, defendant Town Board of Queensbury adopted Resolution No. 252 closing that section of an unimproved public highway known as Fuller Road in the Town of Queensbury, Warren County, which traversed land purchased by the Rowlands in early 1995, upon a finding that it had become "unnecessary and useless" (*see*, Highway Law § 171 [2]). After discussions with Town officials to reopen the highway failed, plaintiffs commenced this declaratory judgment action seeking, *inter alia*, a declaration that the Town Board was without authority to close Fuller Road pursuant to Highway Law § 171 (2), and that the Town Board's resolution was ultra vires and, therefore, unconstitutional. Defendants moved to dismiss the complaint contending, *inter alia*, that it was barred by the four-month Statute of Limitations applicable to CPLR article 78 proceedings (*see*, CPLR 217). Supreme Court granted the motion. Plaintiffs appeal.

We affirm. In our view, since the adopted resolution to close the subject highway did not constitute a true legislative enactment as in the case of a local ordinance, but a generally applicable "quasi-legislative" act, the claim was capable of being resolved by means of a CPLR article 78 proceeding (*see, New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 202-205; *see also, Press v County of Monroe*, 50 NY2d 695, 703). Despite their attempt to characterize the action as a facial attack on the constitutionality of the resolution itself, plaintiffs are essentially arguing that the Town Board's determination to adopt the resolution was "affected by an error of law" (CPLR 7803 [3]; *see, New York City Health & Hosps. Corp. v McBarnette, supra*, at 205), namely, the application of Highway Law § 171 rather than Highway Law § 205, and, as

such, the challenge "is plainly encompassed within the grounds for mandamus to review set forth in CPLR 7803 (3)" (*New York City Health & Hosps. Corp. v McBarnette, supra,* at 205). Therefore, Supreme Court was correct in finding that the governmental action sought to be challenged in this declaratory judgment action was barred by the four-month Statute of Limitations.

Although plaintiffs argue that the Statute of Limitations did not begin to run until December 6, 1996 because of discussions they had with Town officials regarding reopening of the road, it is significant that the Town Board never withdrew its determination nor represented that its decision was nonfinal. Under such circumstances, the negotiations could not operate to extend the four-month period of limitations (*see, Gertler v Goodgold,* 66 NY2d 946, 948) which commenced on the date the resolution was adopted.

In light of this determination, there is no need to address the parties' remaining contentions.

White, Carpinello and Graffeo, JJ., concur.

Mikoll, J. (dissenting). I respectfully dissent. I would find that plaintiffs' claim is properly the subject of a declaratory judgment action and thus timely commenced within the six-year limitations period (CPLR 213 [1]).

Plaintiffs contend that Resolution No. 252, permanently closing what was previously a public highway, is an *ultra vires* legislative enactment. Specifically, they argue that Highway Law § 171 (2), under which defendant Town Board of Queensbury purported to act, governs only the closure of "highways by dedication" and not "highways by use", such as Fuller Road, and thus the resolution was an invalid legislative enactment exceeding the Town Board's authority. We have recently noted that in determining the proper vehicle, and consequent limitations period, for challenging governmental action, the nature of the underlying action is determinative. Where the challenged act is a legislative one, a declaratory judgment action, and not a CPLR article 78 proceeding, is the proper mechanism for asserting the claim (*see, Frontier Ins. Co. v Town Bd.,* 252 AD2d 930, 932). I do not agree that Resolution No. 252, duly enacted by the Town Board (although without public notice or hearing), was a "quasi-legislative" enactment comparable to an agency's administrative promulgation of Medicaid reimbursement rates as in *New York City Health & Hosps. Corp. v McBarnette* (84 NY2d 194). Rather, the resolution was "clearly legislative in nature, as evinced by its general applicability, indefinite duration, and formal adoption" (*Janiak v Town of Greenville,* 203

AD2d 329, 331; *see, Matter of Hull v Town of Warrensburg*, 207 AD2d 37; *Granada Bldgs. v City of Kingston*, 86 AD2d 951, *revd on other grounds* 58 NY2d 705; *see also, Matter of Constantine v White*, 166 AD2d 59; *Waste-Stream Inc. v St. Lawrence County Solid Waste Disposal Auth.*, 167 Misc 2d 542).

As we have noted in another context, " 'local governments do not have inherent power to adopt local laws, but may only exercise those powers expressly granted to them by the State Constitution or the Legislature' * * * If a local government acts beyond the scope of authority granted to it, its acts will be considered unconstitutional" (*Coconato v Town of Esopus*, 152 AD2d 39, 42, quoting *Albany Area Bldrs. Assn. v Town of Guilderland*, 141 AD2d 293, 296, *affd* 74 NY2d 372; *see, Sand Hill Assocs. v Legislature of County of Suffolk*, 225 AD2d 681; *see also, Giuliani v Hevesi*, 228 AD2d 348).

While the merits of the case are not before us, I believe that plaintiffs have at least stated a colorable claim. It is clear, and indeed was noted by Supreme Court, that Fuller Road was a "highway by use" rather than a "highway by dedication". Plaintiffs further assert that the controlling statute relative to closure of public highways by use is Highway Law § 205. In this regard, this Court has repeatedly observed that " 'Once a road becomes a highway, it remains such until the contrary is shown' (*Matter of Shawangunk Holdings v Superintendent of Highways of Town of Shawangunk*, 101 AD2d 905, 907; *see, Matter of Flacke v Strack*, 98 AD2d 881). A highway will be deemed abandoned if it is not traveled or used as a highway for six years (*see,* Highway Law § 205)" (*Matter of Van Aken v Town of Roxbury*, 211 AD2d 863, 865, *lv denied* 85 NY2d 812). "It is equally well settled that the burden of proving an abandonment of a public highway is upon the party who claims such to have taken place (*Horey v Village of Haverstraw*, 124 NY 273, 276)" (*Prutsman v Manchester*, 79 AD2d 1078; *see, Matter of E & J Holding Corp. v Noto*, 126 AD2d 641). Furthermore, "[i]t is imperative that statutes enabling such subordinate governmental agencies to discontinue roadways be adhered to when terminating the public's easement over such a roadway (*see, McCutcheon v Terminal Sta. Commn.*, 217 NY 127)" (*Matter of E & J Holding Corp. v Noto, supra,* at 643; *see, Matter of Wills v Town of Orleans*, 236 AD2d 889).

I would therefore reverse the order of Supreme Court and deny defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, without costs.