■ KINGALARM DISTRIBUTORS, Appellant, v VIDEO INSIGHTS CORPORATION, Defendant, and MICHAEL T. MARTIN, SR., Respondent. [711 NYS2d 781] —In an action to recover on a personal guarantee of a corporate obligation, the plaintiff appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated October 21, 1999, which denied its motion, in effect, to amend its summons and complaint to substitute Michael J. Martin in the place and stead of Michael T. Martin, Sr., and to vacate a clerk's judgment of the same court entered November 16, 1998, against Michael T. Martin, Sr., in the principal sum of $131,260.89.

Ordered that the order is reversed, on the law, with costs, and the motion is granted; and it is further,

Ordered that the time within which the defendant Michael J. Martin, may answer is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry.

The plaintiff commenced this action in the Supreme Court, Kings County, naming Michael T. Martin, Sr., rather than Michael J. Martin, as a defendant. The summons and complaint were timely served upon Michael J. Martin by affixing and mailing the same to Michael J. Martin's dwelling place (*see,* CPLR 306-b, 308 [4]). Where the summons and complaint have been served under a misnomer upon the party which the plaintiff intended as the defendant, an amendment will be permitted if the court has acquired jurisdiction over the intended but misnamed defendant provided that: (1) the intended but misnamed defendant was fairly apprised that he was the party the action was intended to affect, and (2) the intended but misnamed defendant would not be prejudiced (*see, Stuyvesant v Weil,* 167 NY 421, 425-426; *Gennosa v Twinco Servs.,* 267 AD2d 200; *Pugliese v Paneorama Italian Bakery Corp.,* 243 AD2d 548; *Ober v Rye Town Hilton,* 159 AD2d 16; *Simpson v Kenston Warehousing Corp.,* 154 AD2d 526, 527; *Gajdos v Haughton El.,* 131 AD2d 428; CPLR 305 [c]). The allegations contained in the complaint fairly apprised Michael J. Martin that he was the intended party defendant, and there is no evidence of any prejudice to him. Accordingly, the Supreme Court should have granted the plaintiff's motion to amend the summons and complaint to correct the misnomer.

Furthermore, the plaintiff's motion to vacate the judgment of default entered against Michael T. Martin, Sr., should have been granted based on lack of personal jurisdiction (*see, Ladd v Stevenson,* 112 NY 325; *Matter of Allstate Ins. Co. v Phillips,* 128 AD2d 518, 519; *Fireman's Fund Ins. Co. v Dietz,* 110 AD2d 1083), and the defendant Michael J. Martin is allowed to serve an answer to the amended complaint (*see, U. S. Realty Servs. v Greco,* 167 AD2d 459, 460). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.