■ JOHN SALVADOR JR., Appellant, v TOWN BOARD OF THE TOWN OF QUEENSBURY et al., Defendants, and MARION I. ROWLAND et al., Respondents. [757 NYS2d 118] —Peters, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered December 20, 2001 in Warren County, which, inter alia, granted a motion by defendants Marion I. Rowland and Curtis S. Rowland to dismiss the complaint against them.

In 1995, upon the request of defendants Marion I. Rowland and Curtis S. Rowland (hereinafter collectively referred to as defendants), defendant Town Board of the Town of Queensbury in Warren County (hereinafter the Board) adopted a resolution closing a section of an unimproved public highway known as Fuller Road, pursuant to Highway Law § 171. In connection with such request, defendants were required to sign a document which "release[d] the Town of Queensbury from all caims [*sic*] to damages by reason of the discontinuance of such portion of highway."

Residents of the town thereafter sought to annul the Board's resolution and the Town Highway Superintendent's subsequent closing of the highway. In 1997, Supreme Court (Dier, J.) dismissed the complaint as untimely by finding that a judicial review of both the Board's and Highway Superintendent's determinations should have been sought by way of a CPLR article 78 proceeding—a determination later affirmed by this Court (*Schulz v Town Bd. of Town of Queensbury*, 253 AD2d 956 [1998], *appeal dismissed* 93 NY2d 847 [1999], *lv denied* 93 NY2d 808 [1999]).

In 1999, plaintiff, a nonparty in the above action, commenced this action against the Board and certain town officials. He alleged that the Town had a responsibility to its taxpayers to seek reimbursement from defendants pursuant to what plaintiff characterized as an "indemnification document" since substantial expenses had been incurred in prosecuting several charges of trespass against individuals who had used the discontinued portion of Fuller Road. Moreover, plaintiff sought a declaration that Fuller Road was improperly discontinued pursuant to Highway Law § 171 and, therefore, remains a public highway. After joinder by the Town, plaintiff moved for summary judgment and defendants thereafter moved to intervene. Supreme Court (Moynihan, Jr., J.) permitted such intervention and, in lieu of answering, defendants moved to dismiss the action in its entirety. At or about such time, the Board enacted a new resolution which essentially attempted to rescind its prior resolution which had discontinued the disputed portion of Fuller Road for public use. Defendants then

commenced a proceeding pursuant to CPLR article 78 challenging this resolution.

By decision dated June 13, 2000, Supreme Court (Moynihan, Jr., J.) annulled the enactment of the new resolution by finding that such action was an impermissible attempt to resurrect this matter which had been thoroughly litigated both at the trial and appellate levels. Although the Town did not appeal from this judgment, plaintiff moved in this Court for permission to intervene for the purpose of appeal. Such proceeding was temporarily stayed pending the disposition of plaintiff's motion to intervene, which this Court denied on September 8, 2000. Now able to proceed on plaintiff's earlier motion for summary judgment in this action, as well as defendants' motion to dismiss, Supreme Court (Aulisi, J.) granted defendants' motion to dismiss the complaint after determining that the relief being sought was the reopening of Fuller Road. Plaintiff appeals.

Preliminarily, we note that although defendants claimed several deficiencies with respect to plaintiff's notice of appeal and amended notice of appeal, we will nonetheless ignore such defects in the exercise of our discretion and upon our finding that there is an absence of prejudice (see CPLR 5520 [a], [c]; Carlton v Vorosmarty, 163 AD2d 630, 631 n [1990]), since the defective notice correctly identified the parties and specified the order being appealed from.

Plaintiff's contention that he is essentially seeking to have the Town enforce its contract with defendants, thus triggering a six-year statute of limitations period, is unavailing. Notwithstanding his characterization of the document executed by defendants in connection with the discontinuance of a portion of Fuller Road as an indemnification agreement, the language of such agreement wholly undermines his claim.*

With the complaint failing to establish a cause of action for contractual relief and instead challenging the Town's action in discontinuing the subject road pursuant to Highway Law § 171 (2)—a point raised in the previous challenge to the resolution which was litigated in Schulz v Town Bd. of Town of Queensbury (253 AD2d 956 [1998], supra)—we find no error in Supreme Court's resolution of the timeliness issue. Both Supreme Court and this Court have already rejected this argument (id. at 956-957; see also New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 200-205 [1994]; Press v

* Moreover, the Town affirmatively stated, both in its answer and in a June 22, 2001 letter to Supreme Court, that the prosecutions for which plaintiff seeks reimbursement were undertaken by the Warren County District Attorney's office and not by the Town.

*County of Monroe,* 50 NY2d 695, 703 [1980]) by finding that the Town's adoption of a resolution is a " 'quasi-legislative' act * * * capable of being resolved by means of a CPLR article 78 proceeding" (*Schulz v Town Bd. of Town of Queensbury, supra* at 956; *see e.g. Matter of Shawangunk Holdings v Superintendent of Highways of Town of Shawangunk,* 101 AD2d 905, 907 [1984], *appeal dismissed* 63 NY2d 773 [1984]; *Matter of Flacke v Strack,* 98 AD2d 881, 882 [1983]).

As to any further contentions raised, we have reviewed them and find them to be without merit.

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.