■ In the Matter of DARREN PATTERSON, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [898 NYS2d 675]—

Appeal from a judgment of the Supreme Court (Zwack, J.), entered May 29, 2009 in Albany County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent calculating petitioner's prison sentence.

In February 1995, petitioner was sentenced under indictment No. 1414-93 as a second violent felony offender to an aggregate prison term of 12 to 24 years upon his conviction of various counts of robbery, burglary and criminal possession of stolen property. Although the individual sentences imposed thereunder were ordered to run concurrently with one another, neither the sentence and commitment order nor the sentencing minutes addressed the manner in which the aggregate sentence was to run relative to petitioner's prior undischarged prison terms. Thereafter, in July 1995, petitioner was sentenced as a second violent felony offender to a prison term of 12 to 24 years upon his conviction of four counts of robbery in the first degree. The sentences imposed thereunder were to run concurrently with one another but consecutively to the "time now serving." Respondent treated petitioner's 1995 sentences as running consecutively to all sentences previously imposed, resulting in a maximum expiration date of August 5, 2040.

Petitioner commenced this CPLR article 78 proceeding to annul the sentencing calculation and, by judgment entered January 27, 2009, Supreme Court partially granted petitioner's ap-

plication and directed that he be resentenced. After respondent's initial notice of appeal apparently was rejected, respondent moved for an extension of time to file the notice of appeal and, if granted, for renewal in light of the Court of Appeals' intervening decision in *People ex rel. Gill v Greene* (12 NY3d 1 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]). Supreme Court granted respondent's motions and dismissed the petition, prompting this appeal by petitioner.

We affirm. Preliminarily, we have no quarrel with Supreme Court's decision to grant respondent's respective motions. Petitioner does not dispute that respondent timely served him with its initial notice of appeal. Respondent attempted to timely file its notice of appeal but, although the notice correctly identified the parties and the justice who issued the judgment from which the appeal was taken, the clerk rejected the filing due to clerical errors. As petitioner was served with notice and was aware of respondent's intention to appeal, we discern no prejudice to petitioner (*see* CPLR 5520 [a]; *Salvador v Town Bd. of Town of Queensbury*, 303 AD2d 826, 827 [2003]). Similarly, the Court of Appeals' decision in *Gill* represented a sufficient change in the decisional law to support respondent's motion to renew (*see* CPLR 2221 [e] [2]; *Dinallo v DAL Elec.*, 60 AD3d 620, 621 [2009]).

Turning to the merits, there is no dispute that petitioner was sentenced in 1995 as a second violent felony offender and, as such, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where a statute compels the sentencing court to impose a consecutive sentence, the court is deemed to have imposed the consecutive sentence required by law— even if the court does not so specify (*see People ex rel. Gill v Greene*, 12 NY3d at 4; *Matter of Tucker v New York State Dept. of Correctional Servs.*, 66 AD3d 1103, 1104 [2009]; *Matter of Dalton v James*, 66 AD3d 1095, 1096 [2009]). As we discern no error in the computation of petitioner's sentence (*see Matter of Hunt v Fischer*, 66 AD3d 1105, 1106 [2009]), Supreme Court's judgment is affirmed. Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, J.P., Spain, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.