[992 NYS2d 528]

In the Matter of THOMAS ANTHONY SIRIANNI, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 10, 2014

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Charles Ferzola*, Garden City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated February 28, 2012, containing 11 charges of professional misconduct. After a hearing, the Special Referee sustained charges 1 through 6, 10 and 11. However, she declined to sustain charges 7 through 9. The Grievance Committee now moves to confirm in part, and disaffirm in part, the Special Referee's report, and to impose such discipline as this Court deems just and proper. The respondent opposes the Grievance Committee's motion, and cross-moves to confirm in part, and disaffirm in part, the Special Referee's report. The respondent also requests that the matter be remitted to the Grievance Committee for the issuance of an admonition. We conclude that the Special Referee properly sustained charges 1 through 6, 10 and 11, and that she properly declined to sustain charges 8 and 9. However, we conclude that the Special Referee improperly declined to sustain charge 7,

based upon the evidence adduced, and that charge 7 should have been sustained.

Charges 1 and 2 emanate from a common set of facts, as follows:

On or about December 13, 2010, the Grievance Committee received a notice from the Lawyers' Fund for Client Protection that a check in the amount of $5,760, drawn on an Interest on Lawyer Account (hereinafter IOLA account) maintained by the respondent at Astoria Federal Savings Bank, under account No. xxxxx827, was dishonored due to insufficient funds. By letter dated December 17, 2010, the respondent was asked to provide the Grievance Committee, within 20 days, with an explanation of the circumstances that caused the subject check to be drawn against insufficient funds. The respondent also was asked to provide, within 20 days, records of all deposits in, and withdrawals from, IOLA account No. xxxxx827, that specifically identified the date, source, and description of each item deposited, as well as the date, payee, and purpose of each withdrawal or disbursement from the account, for the period from May 15, 2010 through November 15, 2010. Additionally, the respondent was asked to provide the Grievance Committee with records showing the source of all funds deposited in IOLA account No. xxxxx827, the names of all persons for whom the funds were held, the amount of such funds, as well as the description and amount, and the names of all persons to whom such funds were disbursed, for the period from May 15, 2010 through November 15, 2010. By letter dated January 23, 2011, the respondent claimed that the subject check was dishonored due to a "mathematical mistake." The respondent provided the Grievance Committee with copies of bank statements and check stubs for IOLA account No. xxxxx827 for the period from April 30, 2010 through November 30, 2010. However, the respondent was unable to locate his account ledger. Accordingly, the respondent failed to produce, as requested in the Grievance Committee's letter dated December 17, 2010, certain records related to IOLA account No. xxxxx827 for the period from May 15, 2010 through November 15, 2010.

In sworn testimony before the Grievance Committee on September 14, 2011, the respondent referred to certain matters in which funds were being held in escrow in IOLA account No. xxxxx827. However, the respondent failed to provide complete information concerning those matters. The respondent also testified that he represented a party in connection with a real

estate transaction concerning property in Dix Hills, New York, wherein he also acted as a broker in connection with the transaction. The respondent additionally testified that certain deposits into this IOLA account were referral fees, an attorney's fee, and other legal fees received from attorney Elliot Small. Further, the respondent issued certain checks from IOLA account No. xxxxx827, payable to Mr. Small, as referral fees, an attorney's fee, and other legal fees.

In his testimony on September 14, 2011, the respondent additionally failed to identify the client matter or matters relating to certain deposits in IOLA account No. xxxxx827. The respondent also failed to identify the client matter or matters relating to certain checks issued to himself from IOLA account No. xxxxx827. At the conclusion of his testimony, the respondent was asked to provide the Grievance Committee with certain information and documentation, on or before October 14, 2011, including complete information concerning each matter referred to in his testimony, wherein funds were being held by him in escrow in IOLA account No. xxxxx827, and a financial reconciliation of all client matters for which he was holding funds in that IOLA account for the period from May 15, 2010 through November 15, 2010. The respondent failed to provide the Grievance Committee with the foregoing information and documentation on or before October 14, 2011. By letter dated November 7, 2011, the Grievance Committee advised the respondent's counsel that it had not received the information and documentation requested on September 14, 2011. Further, the Grievance Committee requested that the information and documentation be submitted within 10 days. The letter was sent by certified mail, return receipt requested. Postal records reflect that delivery was accepted on November 8, 2011. However, as of the date of the verified petition, the respondent had failed to submit the requested information and documentation to the Grievance Committee.

Charge 1 alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer by failing to account for funds held in IOLA account No. xxxxx827, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h).

Charge 2 alleges that the respondent engaged in conduct prejudicial to the administration of justice, by failing to adequately cooperate with the Grievance Committee in its legitimate investigation of attorney misconduct, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d).

Charges 3 through 6 emanate from a common set of facts, as follows:

In or about December 2010, the respondent represented Mark Bruno in *Matter of Estate of Sophia Bruno*. On or about December 22, 2010, the respondent and Mr. Bruno entered into an agreement entitled "Loan Agreement for the Retainer and the Retainer for Mark Bruno" (hereinafter the Bruno agreement). The Bruno agreement provided, inter alia, that the respondent's legal fee would be $15,000. The agreement further reflected, inter alia, that Mr. Bruno did not have the funds to pay the respondent's fee and, accordingly, would borrow $15,000 from the respondent, and repay the $15,000 to the respondent, plus 20% interest, out of the estate proceeds. Thereafter, the respondent issued a check dated December 24, 2010, drawn on an IOLA account he maintained at Astoria Federal Savings Bank, in the sum of $9,000, made payable to himself, as an advance on the legal fees owed to him by Mr. Bruno. The respondent issued a second check dated December 24, 2010, drawn on an IOLA account he maintained at Astoria Federal Savings Bank, in the sum of $6,000, made payable to himself, as a further advance of legal fees owed to him by Mr. Bruno.

Charge 3 alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, by entering into a retainer agreement in which the client was required to pay 20% interest on funds advanced to him by the respondent, for the respondent's professional services, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h).

Charge 4 alleges that the respondent entered into an agreement with his client, which provided that the respondent would lend money to the client at a rate exceeding the maximum permissible rate, in violation of Banking Law § 14-a and General Obligations Law § 5-501.

Charge 5 alleges that the respondent entered into a business transaction with his client that was not fair and reasonable to the client, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.8 (a) (1).

Charge 6 alleges that the respondent, while representing a client in connection with a matter in which litigation was contemplated or pending, advanced financial assistance to that client, by advancing funds for legal fees, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.8 (e).

Charge 7 alleges that the respondent deposited nonqualified funds into an IOLA account, in violation of Judiciary Law § 497

and 21 NYCRR 7000.2 and 7000.8. On or about December 17, 2010, the respondent deposited $200,000 into an IOLA account he maintained at Astoria Federal Savings Bank, under account No. xxxxx509, representing the proceeds of a loan the respondent received from Don Sisun. The funds were received neither from a current client nor in the course of the practice of law. On or about May 18, 2011, the respondent deposited $6,000 into that IOLA account, representing funds the respondent received from Meredith Masson. Again, the funds were received neither from a current client nor in the course of the practice of law.

Charges 10 and 11 emanate from a common set of facts, as follows:

By letter dated May 13, 2011, the Grievance Committee requested the respondent to submit, within 20 days, certain records related to IOLA account No. xxxxx509 for the period from December 1, 2010 through April 30, 2011, including records of all deposits in, and withdrawals from, the account that specifically identified the date, source, and description of each item deposited, as well as the date, payee, and purpose of each withdrawal or disbursement. The respondent failed to submit the requested records to the Grievance Committee.

By letter dated June 16, 2011, the Grievance Committee asked the respondent to submit, upon his receipt of the letter, certain records related to IOLA account No. xxxxx509, including those records requested in the Grievance Committee's letter dated May 13, 2011. The respondent failed to submit the requested records to the Grievance Committee.

By letter dated August 12, 2011, the Grievance Committee asked the respondent to produce, at its offices, on September 20, 2011, certain records relating to IOLA account No. xxxxx509 for the period from December 1, 2010 through August 31, 2011, including those records requested in the Grievance Committee's letters dated May 13, 2011 and June 16, 2011. On September 20, 2011, the respondent failed to produce the requested records.

In sworn testimony before the Grievance Committee on September 20, 2011, the respondent failed to explain the purpose of each disbursement from IOLA account No. xxxxx509 for the period from December 16, 2010 through August 31, 2011. At the conclusion of his testimony, the respondent was requested to submit certain records to the Grievance Committee related to IOLA account No. xxxxx509 on or before October 11, 2011. The respondent failed to submit the requested information and documentation on or before October 11, 2011.

By letter dated November 1, 2011, the respondent was asked to submit to the Grievance Committee, within five days of receipt of the letter, certain information and documentation, including the purpose of each withdrawal and disbursement from IOLA account No. xxxxx509 for the period from December 16, 2010 through August 31, 2011. The respondent failed to submit the requested information and documentation. By letter dated November 15, 2011, the respondent was asked to submit to the Grievance Committee, within five days, the information and documentation requested in the Grievance Committee's letter dated November 1, 2011. The respondent failed to submit the requested information and documentation.

Charge 10 alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, by failing to account for funds held in an IOLA account, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h).

Charge 11 alleges that the respondent engaged in conduct that is prejudicial to the administration of justice, by failing to adequately cooperate with the Grievance Committee in its legitimate investigation of attorney misconduct, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d).

In view of the respondent's admissions, and the evidence adduced at the hearing, we conclude that the Special Referee properly sustained charges 1 through 6, 10 and 11, and that she properly declined to sustain charges 8 and 9. However, we conclude that the Special Referee improperly declined to sustain charge 7. The record does not support the Special Referee's conclusion that the respondent mistakenly opened a second IOLA account due to "ignorance, lack of sophistication, or naivete." We find that the respondent knowingly opened a second IOLA account, and that his deposit of nonqualified funds into that account was not made in good faith (see Judiciary Law § 497 [5]). Accordingly, the Grievance Committee's motion to confirm in part, and disaffirm in part, the Special Referee's report, is granted to the extent that charges 1 through 7, 10 and 11 are sustained, and the motion is otherwise denied. The respondent's cross motion to confirm in part, and disaffirm in part, the Special Referee's report, is granted to the extent that charges 8 and 9 are not sustained, and the cross motion is otherwise denied.

In determining an appropriate measure of discipline to impose, we find it significant that the respondent maintained two IOLA accounts at Astoria Federal Savings Bank, for which

he failed to maintain and produce required bookkeeping records. One account, No. xxxxx827, came to the attention of the Grievance Committee when the respondent bounced a check, triggering a notice from the Lawyers' Fund for Client Protection. The record establishes that the second account, No. xxxxx509, came to the attention of the Grievance Committee upon a complaint submitted by a bank employee, who raised concerns that the respondent might be structuring transactions to evade federal Internal Revenue Service reporting requirements. While such concerns were neither charged nor proved, the record does establish that the respondent improperly deposited into IOLA account No. xxxxx509 substantial sums of nonqualified funds, which were received neither from a current client nor in the course of the practice of law. Additionally, the respondent improperly advanced funds to a client by entering into a usurious loan agreement with that client, which the respondent then advanced to himself as and for his legal fee in a matter wherein litigation was within the realm of contemplation.

In mitigation, we have considered, inter alia, the respondent's lack of a prior disciplinary history, as well as the marital problems he was experiencing. Nevertheless, we find that the respondent engaged in serious professional misconduct, compounded by his persistent failure to cooperate with the legitimate demands of the Grievance Committee.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years.

ENG, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the Grievance Committee's motion to confirm in part, and disaffirm in part, the Special Referee's report is granted to the extent that charges 1 through 7, 10 and 11 are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion to confirm in part, and disaffirm in part, the Special Referee's report is granted to the extent that charges 8 and 9 are not sustained, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Thomas Anthony Sirianni, is suspended from the practice of law for a period of two years, commencing October 10, 2014 and continuing until further order of this Court, with leave to apply for reinstatement no sooner than April 10, 2016, upon furnishing satisfactory proof that during said period he (1) refrained from practicing or at-

tempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Thomas Anthony Sirianni, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Thomas Anthony Sirianni, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).