HSBC Bank USA, N.A. v McGrath (2025 NY Slip Op 01614)

HSBC Bank USA, N.A. v McGrath

2025 NY Slip Op 01614

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2024-00341
 (Index No. 62392/14)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Kevin J. McGrath, appellant, et al., defendants.

J. Douglas Barics, Commack, NY, for appellant.
Gross Polowy, LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kevin J. McGrath appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), dated February 28, 2023. The order and judgment of foreclosure and sale, upon an order of the same court (Carol MacKenzie, J.) dated March 24, 2016, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Kevin J. McGrath and for an order of reference, and upon an order of the same court (S. Betsy Heckman Torres, J.) dated February 28, 2023, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and denying the cross-motion of the defendant Kevin J. McGrath to vacate the order dated March 24, 2016, among other things, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the cross-motion of the defendant Kevin J. McGrath to vacate the order dated March 24, 2016, is granted, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the order dated February 28, 2023, is modified accordingly.
In April 2014, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Kevin J. McGrath. Thomas A. Sirianni was retained as counsel for McGrath. On September 10, 2014, Sirianni was suspended from the practice of law for a period of two years (see Matter of Sirianni, 123 AD3d 8). The period of suspension commenced on October 28, 2014.
In February 2015, the plaintiff mailed McGrath a notice to appoint another attorney.
In June 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against McGrath and for an order of reference. In an order dated March 24, 2016 (hereinafter the summary judgment order), the Supreme Court granted the motion, which was unopposed, and appointed a referee to compute the amount due to the plaintiff.
In June 2018, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In September 2018, through new counsel, McGrath opposed the motion and [*2]cross-moved to vacate the summary judgment order based on the plaintiff's failure to comply with CPLR 321(c). In an order dated February 28, 2023, the Supreme Court granted the motion and denied the cross-motion. In an order and judgment of foreclosure and sale, also dated February 28, 2023, the court, among other things, directed the sale of the subject property. McGrath appeals.
CPLR 321(c) provides that "[i]f an attorney dies, becomes physically or mentally incapacitated, or is removed, suspended or otherwise becomes disabled at any time before judgment, no further proceeding shall be taken in the action against the party for whom he [or she] appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party either personally or in such manner as the court directs."
When an attorney is suspended from the practice of law, "as with an attorney's death, incapacitation, removal from an action, or other disability, CPLR 321(c) protects the client by automatically staying the action from the date of the disabling event" (Wells Fargo Bank, N.A. v Kurian, 197 AD3d 173, 176). "The express language of CPLR 321(c) sets no particular time limit to the stay of proceedings that is automatically triggered by a qualifying event" (id. at 177).
"[D]uring the stay imposed by CPLR 321(c), no proceedings against the party will have any adverse effect" (Moray v Koven & Krause, Esqs., 15 NY3d 384, 389 [internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Simonsen, 208 AD3d 1167, 1169), and "[o]rders or judgments that are rendered in violation of the stay provisions of CPLR 321(c) must be vacated" (Wells Fargo Bank, N.A. v Kurian, 197 AD3d at 176; see JPMorgan Chase Bank, N.A. v Simonsen, 208 AD3d at 1169).
"[T]here are actually two ways in which a CPLR 321(c) stay may be lifted. One way is if the party that lost its counsel retains new counsel at its own initiative, or otherwise communicates an intention to proceed pro se" (Wells Fargo Bank, N.A. v Kurian, 197 AD3d at 177). "The second way is by means of the above-described notice procedure pursuant to CPLR 321(c)" (id.).
Here, the plaintiff did not serve McGrath with the notice to appoint "either personally or in such manner as the court direct[ed]" (CPLR 321[c]). It is undisputed that no attempt was made to personally serve the required notice, nor is it alleged that the Supreme Court directed that service of the notice be made in some other manner (see Matter of Allstate Ins. Co. v Phillips, 128 AD2d 518, 518-519). Moreover, it is undisputed that McGrath did not communicate an intention to proceed pro se (see Wells Fargo Bank, N.A. v Kurian, 197 AD3d at 177). Therefore, the automatic stay was not lifted until McGrath opposed the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and cross-moved to vacate the summary judgment order in September 2018 (see JPMorgan Chase Bank, N.A. v Simonsen, 208 AD3d at 1169).
Since the summary judgment order was issued on March 24, 2016, while the automatic stay was still in effect, the Supreme Court should have granted McGrath's cross-motion to vacate that order and denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale (see id. at 1168; Matter of Allstate Ins. Co. v Phillips, 128 AD2d at 519).
CONNOLLY, J.P., CHRISTOPHER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court